Joseph A. Brust, J.
Motion to vacate a notice of examination before trial of defendant, on the ground that it was prematurely noticed is denied. The notice was served prior to joinder of issue and, therefore, in apparent contravention of subdivision 2 of rule XI of the rules of this court. However this motion must be determined pursuant to the now effective Civil Practice Law and Rules, unless application of the new procedure “ would not be feasible or would work injustice ” (CPLR, § 10003). In the instant case there appears no basis for applying the former rules of this court, which, if contrary to the Civil Practice Law and Rules, do not, of course, prevail. Rule 3106 of the Civil Practice Law and Rules provides that ‘ ‘ After an action is commenced, any party may take the testimony of any person * * *. Leave of the court, granted on motion, shall be obtained if notice of the taking of the deposition * * * is served by the plaintiff within twenty days after the service of the complaint.” This effects a change in the prior practice, and as the 20-day period, after service of the complaint has herein elapsed, plaintiff’s notice was not pre *819 mature. (See First Preliminary Rep., Temporary Comm, on Courts, N. Y. Legis. Doc., 1957, No. 6[b], p. 130; Sixth Preliminary Rep., Sen. Finance Comm., N. Y. Legis. Doc., 1962, No. 8, p. 302.) Further the projected scope of the examination, as stated in the notice, is in compliance with rule 3107 of the Civil Practice Law and Rules. Defendant’s objection to possible improper questions that may be raised on the examination are premature, and should be raised during the examination or by motion for a protective order, pursuant to section 3103 of the Civil Practice Law and Rules, if it becomes necessary.