Victor L. Anfuso, J.
Third-party defendant moves to dismiss the third-party action on the ground that no valid service of process has been made upon it, or for alternative relief.
Service of process was made on the third-party defendant in the State of Tennessee. The third-party defendant is a Delaware corporation with its principal offices in Nashville, Tennessee. It is not registered to do business in New York State and it pays no *951 taxes in or to New York State. It maintains no offices, showrooms, warehouse, telephone listing, mail drop or bank account in New York. It owns no property in New York and it has no directors, officers, employees or agents in New York. It does not advertise in New York nor does it appear that it has solicited business in New York. It also appears without dispute that all orders from the third-party plaintiff to the third-party defendant were accepted and filled out of New York and were shipped by sight draft to a warehouse in New York where possession was delivered to third-party plaintiff upon payment of the amount due. The third-party plaintiff bore the freight charges from the shipping point to the warehouse and also bore the risk of loss or damage en route.
The third-party plaintiff claims that it served as the national distributor of machines allegedly manufactured by the third-party defendant and during the fiscal year ending June, 1961 it purchased from the third-party defendant 2,000 washing machines of a total value of approximately $250,000. It urges that the third-party defendant is subject to the jurisdiction of this court under the new provisions of our law as set forth in section 302 (subd. [a], par. 1) of the Civil Practice Law and Rules. This provision allows the court to exercise personal jurisdiction over a nondomiciliary individual or corporate, if he or it transacts any business ivithin the State, as distinguished from doing business within the State. (Steele v. De Leeuw, 40 Misc 2d 807.) No abstract test for determining whether or not an individual transacts any business within the State has been articulated and accordingly our case must be decided upon its own particular facts.
An examination of cases throughout the States which have a similar statute as our own section 302 of the Civil Practice Law and Rules reveals that in the State of Illinois a case (Grobark v. Addo Mach. Co., 16 Ill. 2d 426), very similar to this one, was decided by the Supreme Court. There plaintiffs, Illinois residents, purchased from defendant, a New York corporation, over a period of 14 years, machines manufactured by the defendant. The defendant was not licensed to do business in Illinois. It manufactured the machines outside of Illinois and shipped them to purchasers throughout the United States. It at no time maintained any offices in Illinois nor employed any officers, agents or employees within Ulinois. In May, 1953 plaintiffs were appointed exclusive distributors of defendant’s machines in Illinois and defendant began to sell its machines to plaintiffs at a distributor discount rate. The sales were consummated when plaintiffs placed orders with the defendant in New York *952 and defendant accepted the orders, delivering its product to independent carriers in New York.
After examining the cases where the concepts of in personam jurisdiction have been re-evaluated in the light of changes in our modern complex society and also considering the language of Mr. Chief Justice Warren in Hanson v. Denckla (357 U. S. 235, 251) wherein he said: “ it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts ’ ’, the Illinois Supreme Court concluded that jurisdiction was not acquired of the defendant by service upon it in New York since under the facts it could not be deemed that the defendant transacted business in Illinois. In arriving at such conclusion it found that as distributors of the goods manufactured by defendant the plaintiffs were not agents of the defendant transacting business for the defendant in Illinois but found the plaintiffs to be independent businessmen selling their own merchandise which had been manufactured by the defendant.
The quantum of contact with New York State by the third-party defendant herein is no more than that which was had by the defendant with the State of Illinois in the cited case and since nothing presents itself to cause disagreement with the holding therein a similar conclusion is warranted and reached herein.
Accordingly the service of the summons is vacated and the action is dismissed.