**BRUNETTE SUNAPEE CORPORATION, Plaintiff,**

v.

**ZEOLUX CORPORATION, formerly known as Sam Zeoli, Inc., and Borg-Warner Corporation, Defendants.**

United States District Court
S. D. New York.

April 29, 1964.

---

Samet, Gordon & Riseman, New York City, for plaintiff; Frank H. Gordon and Edward Robin, New York City, of counsel.

Nathan Shapiro, New York City, for defendant Borg-Warner Corp.; Paul B. Bergins, New York City, of counsel

METZNER, District Judge.

Defendant Borg-Warner Corporation moves pursuant to F.R.Civ.P. 12(b) (2) to dismiss the action for lack of jurisdiction over the defendant. In the alternative, it moves for a dismissal of the action on the ground that the jurisdiction of the court is invoked on the ground of diversity and neither the plaintiff nor Borg-Warner resides in this judicial district.

The complaint alleges:

(1) Plaintiff is a New Hampshire corporation with its principal place of business in that state.

(2) The defendant Zeolux Corporation has its principal place of business in New York.

(3) The defendant Borg-Warner is an Illinois corporation.

(4) Borg-Warner manufactures coin-operated washing machines known as "Norge" machines.

(5) Zeolux is the national distributor for Borg-Warner of the Norge machines.

(6) Plaintiff bought from Borg-Warner and Zeolux 18 Norge coin-operated washing machines manufactured by Borg-Warner and sold and delivered by Zeolux on its own behalf and on behalf of Borg-Warner. These machines were installed in various laundromats in New Hampshire.

(7) The machines did not operate properly.

(8) Plaintiff seeks recovery for breach of implied warranty of fitness for use and for negligence.

Process issued out of this court was personally served upon Borg-Warner Corporation in Chicago, Illinois.

The affidavits submitted by the moving party show that the machines were purchased in Massachusetts from Automatic Equipment Corporation, an independent Massachusetts corporation, which was an authorized dealer of Zeolux for the Norge machines. Zeolux is an independent New York corporation which had a distributorship contract with Norge Sales Corporation for the Norge machines. Norge Sales is a wholly-owned subsidiary of Borg-Warner. Norge Sales is incorporated in Indiana and Borg-Warner in Illinois. Norge Sales and Borg-Warner have several directors in common, but it is asserted that Norge's policy is formulated and controlled independently of Borg-Warner. Norge Sales is a sales and distribution organization which deals in products manufactured by Borg-Warner and other manufacturers. It purchases the products for its own account, handles its own financing, maintains an inventory of the products and independently sells and ships to the dealers.

Plaintiff urges that Borg-Warner and Norge Sales are one and the same, and since Norge Sales ships merchandise to Zeolux in New York, Borg-Warner is transacting business in New York. Reference is made to the common directors, use by Norge Sales of a trade-mark registered in the name of Borg-Warner, and the terms of the contract between Norge Sales and Zeolux.

We are dealing here with the recently enacted section 302 of the New York Civil Practice Law and Rules. This section is commonly known as a "long arm" or "single act" statute. Similar statutes exist in Illinios, Vermont and several other states. The act provides that New York may exercise personal jurisdiction over any nondomiciliary as to a cause of action arising out of the transaction of any business within the state in the same manner as if the nondomiciliary were a domiciliary of the state.

Plaintiff places great reliance on the fact that Borg-Warner and Norge Sales are one and the same, and since Norge Sales is transacting business here Borg-Warner has been properly served. It is unnecessary to determine this factual issue. For the purposes of disposing of this motion, we will assume that plaintiff's contention is correct.

What we have here is a purchase of washing machines by a New Hampshire corporation in Massachusetts from a Massachusetts corporation. The machines were delivered to New Hampshire where they failed to operate properly. The machines were manufactured in Illinois. Even if the machines touched New York in their commercial journey, plaintiff may not avail itself of section 302 under these circumstances. It is apparent that none of the elements of a cause of action for negligence or a cause of action for breach of implied warranty arose out of the transaction of business in New York. Cf. Jump v. Duplex Vending Corp., Sup., 246 N.Y.S.

2d 864 (1964). Even the much debated decision under the Illinois law of Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961), is of no help to this plaintiff. 1 Weinstein, Korn & Miller, New York Civil Practice, ¶ 302.10 (1963); McKinney's Consol.Laws, CPLR § 302, at pp. 432–433.

Motion granted. Settle order.