William G. Easton, J.
Defendant, a nondomiciliary corporation, moves to dismiss the action on the ground that no valid service of process has been made upon it. A summons with notice was served upon the defendant in the State of Missouri. The plaintiff is a resident of the State of New York. The defendant has no offices for the doing of business in the State of New York, nor is it authorized to do business therein. It has no agents in the State of New York and maintains no offices, show *73 rooms, warehouses or bank accounts therein. It owns no property in the State of New York.
The action is one for “recision and damages” based on alleged fraudulent representations and warranties made by the defendant to the plaintiff in connection with the execution of a distributor’s franchise agreement between the parties. The agreement in part read as follows: “ It is expressly understood that the relationship hereby created is one of independent contractor and the distributor shall not be construed an agent or employee of the company ’ ’. The contract was signed by the plaintiff in New York State and subsequently finally signed and accepted by the defendant in the State of Missouri.
Plaintiff claims that the service of the summons on the defendant corporation, a nondomieiliary in the State of New York, was made in conformity to CPLR 302 of the State of New York, and hence, exercises personal jurisdiction over the defendant. Plaintiff relies particularly upon paragraphs 1 and 2 of subdivision (a) of that section.
If reliance were had solely upon paragraph 1 of subdivision (a), this motion would have to be granted on the authority of Jump v. Duplex Fending Corp. (41 Misc 2d 950); Irgang v. Pelton & Crane Co. (42 Misc 2d 70) and Fremay, Inc., v. Modern Plastic Mach. Corp. (15 A D 2d 235). The time and place of the making of a contract is established when the last act necessary for its formulation is done, and at the place where the final act is done. (Fremay, Inc., v. Modern Plastic Mach. Corp., supra.) In the case at bar the last act to complete the contract, to wit, signing by the defendant, was done in the State of Missouri, and hence, the contract was not made in New York. That being so, it was not “ a transaction of business within the State ”. Furthermore, the plaintiff as a distributor of the goods manufactured by the defendant was not an agent of the defendant transacting business for the defendant in the State of New York, but was an independent business man selling his own merchandise which had been manufactured by the defendant. (Jump v. Duplex Fending Co., supra.)
However, in its complaint dated May 5, 1964 to which as yet the defendant apparently has made no answer, the plaintiff accuses the defendant of making fraudulent and false representations in New York State which induced the plaintiff to enter into the contract. A complaint of this nature shows a cause of action based on fraud and is a tort. These alleged fraudulent misrepresentations are claimed to have been made in the State of New York by the defendant’s agents. Hence, the complaint does allege a “ tortious act within the state ” within CPLR 302 (subd. *74 [a], par. 2) and as such permits the obtaining- of personal jurisdiction on the defendant nondomiciliary corporation by personal service on the defendant outside of the State of New York. (Restatement, Torts, § 525.) Liability for Fraudulent Misrepresentations. One who fraudulently makes a misrepresentation of fact, opinion, intention or. law for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him, by his justifiable reliance upon the misrepresentation.” (Unger v. Eagle Fish Co., 185 Misc. 134, affd. 269 App. Div. 950; Case v. Hardenbrook, 238 App. Div. 169, 171.)
The motion is denied, with costs.