Irving H. Saypol, J.
Motion by the defendants for an order allowing prior examination of the plaintiff is granted on consent expressed on the argument.
The plaintiff’s motion for a protective order originally returnable on March 1, 1965, is advanced on similar consent and considered and decided as follows:
Plaintiff’s motion for a protective order, striking defendants’ notice of examination, is granted. Plaintiff attacks the notice of examination on both general and .specific grounds. Plaintiff’s general objection is that defendants seek its examination prior to answer, which is assertedly improper because of the impossibilty of ascertaining what is “ evidence material and necessary in the prosecution or defense of an action ” (CPLR 3101) before joinder of issue. Plaintiff asserts no other general grounds for a protective order other than that preanswer examination is improper and is, ipso facto, harassment.
Formerly (Civ. Prac. Act, § 288) it was clear that examination before trial could not be had until joinder of issue. Indeed, *127 the prior provision dealing with priority of examination (Rules Civ. Prac., rule 121-a) was explicit in permitting examination only ‘1 after service of an answer ’ ’. This scheme conformed to that obtaining under subdivision (a) of rule 26 of the Federal Rules of Civil Procedure as originally written. In drafting CPLR 3106, the present priority provision, the Legislature did not carry forward the specific limitation of rule 121-a of the Rules of Civil Practice, merely providing that, ‘ ‘ After an action is commenced, any party may take the testimony of any person by deposition upon oral or written questions. Leave of the court, granted on motion, shall be obtained if notice of the taking of the deposition of a party is served by the plaintiff within twenty days after service of the complaint.”
CPLR 3102 (subd. [b]) provides generally that, “ Unless otherwise provided by the civil practice law, and rules or by the court, disclosure shall be obtained by stipulation or on notice without leave of the court.” It has been suggested that the changes expressed in these provisions resulted from a conscious effort on the part of the Legislature to conform CPLR procedure to that of the Federal rules, so as to permit defendants to depose plaintiffs before answering, without regard to the limitations expressed in CPLR 3101 (see Practice Commentary to CPLR 3106, McKinney’s Cons. Laws of N. Y., Book 7B; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3106.07). Since 1946, Federal practice has permitted such a procedure (Fed. Rules Civ. Pro., rule 26, subd. [a]); 4 Moore, Fed. Prac. [2d ed.], par. 26.09 [1]).
Other courts which have had the question presented as a matter of first impression, have reached this same conclusion (Frimet v. Nikides Furs, N. Y. L. J., April 9, 1964, p. 15, col. 1 [Supreme Ct., Kings County]; Trumpy & Sons v. Belock, N. Y. L. J., April 13, 1964, p. 17, col. 8 [Supreme Ct., Nassau County]; Freifeld v. Freifeld, N. Y. L. J., Jan. 29, 1964, p. 17, col. 2 [Supreme Ct., Queens County]; see, also, Revesz v. Geiger, 40 Misc 2d 818 [Supreme Ct., N. Y. County, 1963]; but cf. contra, Shubert v. Schoenfeld, N. Y. L. J., Feb. 10, 1965, p. 16, col. 7).
It is to be noted that other provisions of the CPLR provide explicit or implicit exceptons to the limitation on scope of discovery set by CPLR 3101 (see, e.g., CPLR 3107; 3211, subd. [d] ; 3102, subd. [c]). The assertedly overwhelming difficulty in limiting the scope of a preanswer examination on notice is contradicted by over 18 years of experience under the Federal practice scheme.
, At any rate, the language of CPLR 3106 does, by its plain meaning, authorize examination of plaintiff before answer and *128 the court does not construe CPLR 3102 (subd. [b]) so as to permit it to engraft a new requirement upon the discovery provisions, namely, that defendants must seek leave of the court, upon good cause shown, to examine plaintiff prior to joinder of issue. If such was the intention of the Legislature or the Judicial Conference, then correction by legislative enactment is the appropriate remedy.
Plaintiff’s specific challenge to the defendants’ notice of examination is justified, however, and requires the striking of said notice. Absent special circumstances, defendants cannot, in the first instance, demand the appearance of a specific employee of the corporate plaintiff (Weinbaum v. Lowenstein & Sons, N. Y. L. J., Jan. 2, 1964, p. 12, col. 3; United States Overseas Airlines v. Cox, 283 App. Div. 31). Moreover, the parties may, in large measure chart their own procedural course (Matter of Malloy, 278 N. Y. 429). This they have done by stipulating that service of summons and complaint will be “ deemed” to have been made on February 9, 1965, without regard to the actual date service was effected. It follows that defendants’ notice, dated January 22 and calling for examination on February 8, was premature and thereby improper since, by agreement, the action had not even been commenced by that time.
Since defendants’ answer was due on March 1, 1965, and service thereof has not been stayed or extended by institution of these proceedings, it may be, as a practical matter, that defendants will be unable to give notice to the plaintiff for examination prior to answering. Under the circumstances, however, the court perceives no prejudice resulting to defendants thereby. Plaintiff has conceded that defendants have priority of examination, in any event. Defendants have not demonstrated that they require this examination in order to frame an answer but rather have demonstrated that they are quite sufficiently aware of the facts in dispute so as to prepare their responsive pleadings. Accordingly, the court will not further disturb the orderly progress of the action. ;