Matthew M. Levy, J.
The controversy on these motions centers on who is to have priority as to the examinations before trial of the respective parties.
In respect of such issue, CPLR 3106 (subd. [a]) provides as to “ normal priority ” that “ After an action is commenced, any party may take the testimony of any person by deposition ”. And then it is stated that “ Leave of the court, granted on motion, shall be obtained if notice of the taking of the deposition of a party is served by the plaintiff within twenty days after service of the complaint.’’ CPLR 3107 provides: “A party to be examined pursuant to notice served by another party may serve notice of at least five days for the examination of any other party, his agent or employee, such examination to fie noticed for gird 1;o follow gt tire sapge tipie and place ”,
*322 In the case at bar, the plaintiff’s complaint was served on December 11, 1964. The defendants’ time to answer was extended to January 13, 1965, and the answer was served on that date. On January 11, 1965 — 2 days .before the service of the answers, and 31 days after the service of the complaint — ■ the plaintiff served notices to take the examination of the defendants before trial on January 21, 1965. On January 18, 1965, the defendants served a notice to examine the plaintiff on February 8, 1965. The defendants moved to vacate the plaintiff’s notices to examine the defendants, and for priority in the taking of the examinations. The plaintiff also moved for priority of examination.
These are the motions now before me for determination, submitted on the morning of the motion calendar of February 5, 1965, and they would have been promptly disposed of had I not been otherwise necessarily and mandatorily engaged (see Matter of Orans, 45 Misc 2d 616 [review chapters 976, 977, 978, 979 and 981 of the Laws of 1964, apportioning and districting the Senate and Assembly of the State of New York]). In the meanwhile, and by letter dated March 17, 1965, from the attorneys for the defendants, the statement is made that “ on February 5, 1965, plaintiff served an amended complaint in this action, by mail on that day ’ ’, which is the day that the motions were submitted. That has somewhat complicated an otherwise simple issue — rendered so by virtue of the inexplicit language of the statute and the absence of appellate authority, and which has given rise to repeated controversy, as witness the cases cited herein and the cases cited therein.
It is argued by the defendants that the effect of the service of such amended complaint eliminates the plaintiff’s original complaint from the action and hence makes premature the plaintiff’s notices to examine the defendants before trial, served January 11, 1965 — upon which the plaintiff’s claim to priority is based.
I recognize that “ When served, an amended pleading takes the place of the original, which is then out of the case in its capacity as a pleading” (Tripp, A Guide to Motion Practice, rev. ed., p. 111; see Byrne v. Osias, 13 A D 2d 478; Waterman v. Marpet, 281 App. Div. 896; Gilchrest House v. Guaranteed Title & Mtge. Co., 276 App. Div. 778; Kolber v. Kolber, 267 App. Div. 837, 838).
Therefore, I agree with the general principle urged by the defendants. But it does not follow from that that the plaintiff’s notices to examine, duly served subsequent to the 20-day period after service of the complaint, have also fallen by the wayside.
*323 It has been stated that, upon the service of an amended pleading, the “ previous pleading is dead and the case stands as if the pleading had never been served”. (Westinghouse Elec. Corp. v. Lyons, 281 App. Div. 820.) But, in my view, this is more picturesque than accurate. For example: cannot the superseded pleading be used as an admission against interest? Cannot it be utilized on cross-examination of the party who served it? If the cause has been duly noticed for trial upon joinder of issue based on an initial pleading, must the plaintiff file a new note of issue after service of an amended pleading? If various procedural steps were duly taken on the basis of the first pleading, are they all rendered nugatory when that pleading is duly amended? Citation of volume and page is unnecessary to obtain appropriate responses to the inquiries I have put. Whether the answers are in the affirmative or the negative, they lead to the conclusion that it is not correct to say that, as to every facet of the litigation, “ the case stands as if the [earlier] pleading had never been served.” The previous pleading is not truly “ dead” — -it simply cannot be used as a base for the framing of the issues in the case. In other aspects, it may be very much alive, and we are here concerned with one of such aspects.
In my view, the service of the amended complaint does not make ineffective the plaintiff’s notices to examine the defendants, heretofore served subsequent to 20 days after the service of the original complaint. Since the effective date of CPLR 3106 (subd. [a]) (Sept. 1, 1963), a notice of examination may be served before issue is joined — at any time “ After an action is commenced ” (CPLR 3106, subd. [a]). (Revesz v. Geiger, 40 Misc 2d 818; Dalminter, Inc. v. Dalmine, N. Y. L. J., March 8, 1965, p. 15, col. 4; Nathanson & Co. v. Macfadden-Bartell Corp., 46 Misc 2d 126; Greiner-Maltz Co. v. Antonito Co., N. Y. L. J., Feb. 3, 1965, p. 20, col. 3; Searles v. Cantor, N. Y. L. J., March 30, 1965, p. 18, col. 7.)
As the service of an answer is not a prerequisite to the timeliness of the service of a notice to examine, I hold that it is not necessary for a plaintiff to wait beyond 20 days after the service of the amended complaint before serving the notice to examine. I do not go along with any intimation to the contrary in McPhee v. Green Bus Lines (N. Y. L. J., Jan. 7, 1964, p. 17, col. 3) or in Mastro Plastics Corp. v. Emenee Ind. (N. Y. L. J., April 17, 1964, p. 14, col. 4). As the court said in Shrill v. Shrill (42 Misc 2d 22, 23): “ If plaintiff had served his notice to examine before receiving defendant’s notice and after 20 days had elapsed since service of the summdns and complaint, then of course plaintiff would be entitled to examine first (CPLR 3106; 3 Weinstein- *324 Korn-Miller, op. cit. [N. Y. Civ. Prae.] pp. 31-96, 31-97; see, also, 4 Moore, Federal Practice [2d ed.], par. 26.09, subd. [1]).”
In sum, I hold that the plaintiff has priority of examination. The examinations of the parties should be held at such times and places as may be agreed upon, or as will be determined in the order to be settled hereon. One order should be proposed, covering both motions and reciting all the papers submitted on both.