■ VAN VALKENBURGH, NOOGER & NEVILLE, INC., Respondent, v. JOHN F. RIDER PUBLISHER, INC., et al., Appellants.— Order, entered April 16, 1965, unanimously modified, on the law, on the facts and in the exercise of discretion,

to provide that the defendants shall have priority of examination, and order otherwise affirmed, with $30 costs and disbursements to defendants-appellants. CPLR 3106 (subd. [a]) provides that a plaintiff may not serve a notice to take the deposition of a party "within twenty days after service of the complaint" except with leave of the court. It has been heretofore held at Special Term that where "an amended complaint has been served, the twenty-day time period commences with the service of the amended complaint. Any other result would disserve the primary purpose of that section which plaintiff concedes is 'to give the defendant time to examine the complaint' (*Morris & Co.* v. *Warner Bros. Pictures,* 10 F. R. D. 236, 238 [S. D. N. Y.] for it is the final complaint served which, presumably raises the matters at issue." (*Becket* v. *Foundation Co.,* N. Y. L. J., Oct. 8, 1963, p. 14, col. 6.) The rule that a plaintiff may not serve a notice of examination within 20 days after service of the complaint without leave of the court was said to be "applicable to the service of an amended complaint since its purpose obviously is to prevent the plaintiff from serving a notice during the period of time that the defendant could plead or move to the complaint." (*McPhee* v. *Green Bus Lines,* N. Y. L. J., Jan. 7, 1964, p. 17, col. 3; see, also, *Mastro Plastics Corp.* v. *Emenee Inds.,* N. Y. L. J., April 17, 1964, p. 14, col. 4.) In the absence of special circumstances, not present here, requiring that a plaintiff in a particular case have priority of examination in the orderly administration of justice, a defendant should be accorded priority of examination on the service of an amended complaint. Such holding gives full effect to the intendment of CPLR to establish a uniform rule giving a defendant the opportunity for priority of examination. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3106.01–3106.05.) The evidence, which is "material and necessary in the prosecution * * * of [the] action" (CPLR 3101), depends upon the allegations of the complaint, and defendant's determination whether or not to avail himself of the right to priority of examination will be made in light of such allegations. When a plaintiff serves an amended complaint, it supersedes the original complaint, and the nature and subject matter of the action and what is "material and necessary" in the prosecution thereof depend upon the allegations of the amended complaint. A defendant might, on the basis of the complaint originally served, intentionally forego his right to priority of examination, but thereby he should not·be held to have waived such right if an amended complaint is served. The true observance of a rule giving defendants the right to priority of examination requires that such right be preserved on the service of an amended complaint as well as on the service of the original complaint. Any other conclusion has a tendency to circumvent the CPLR objective. Settle order on notice. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ. [46 Misc 2d 321.]