■ DAVID LEWIS, Respondent, v FRIEDMAN-MARKS CLOTHING Co. et al., Appellants.—Order of the Supreme Court, New York County, entered November 7, 1977, to the extent that it denied defendants' cross motion to dismiss the third cause of action set forth in the complaint, unanimously reversed, on the law, and the cross motion granted, with costs. The complaint alleges that Friedman-Marks Clothing Co. (Friedman-Marks), is an unincorporated division of Rapid-American Corporation (Rapid-American) and that the three individual defendants are officers of Friedman-Marks. The third cause of action, which is the subject of the cross motion, alleges that the five defendants schemed and conspired to obtain from plaintiff "his trade secrets and substantial expertise in the men's sportswear field" for their own benefit without compensation. It is further averred that, pursuant to the conspiracy, they agreed to employ plaintiff as chief operating officer and general manager of Friedman-Marks for a period of three years with an option to plaintiff to extend such employment for an additional two years; that plaintiff entered into such employment on September 1, 1974 and was terminated therefrom on February 24, 1975 without just cause and that they thus acquired the benefit of plaintiff's "original men's apparel designs, garment samples and successful sales, advertising and promotion campaigns". There is here no contention that any of the acts claimed to have been performed by the individual defendants was performed in any capacity other than their representative capacity. Hence, to the extent of that performance, they were one with Friedman-Marks. If we take the averments of the complaint as alleged, Friedman-Marks is one with Rapid-American. Nor is this result altered if we take the concession made by defendants on argument that, although Friedman-Marks had separate corporate existence, it was wholly owned by Rapid-American and was operated as a wholly owned subsidiary. Thus, for the purposes of this cause of action, the five defendants constitute a single entity. It is a tenet basic to our law that no one may conspire with himself (Bereswill v Yablon, 6 NY2d 301; Roberts v Grandview Dairy, 20 AD2d 574; Williamson v Smith, 19 AD2d 834). Moreover, this third cause of action is no more than an endeavor to cast in terms of conspiracy, the acts which form the basis of the first cause, i.e., breach of contract. It is axiomatic "that one does not have a cause of action against another contracting party for conspiracy to breach the agreement between them (Miller v. Vanderlip, 285 N. Y. 116)". (Bereswill v Yablon, supra, p 306). Concur—Birns, J. P., Bloom, Lupiano, Ross and Lynch, JJ.