■ In the Matter of ALAN C. KACHIC et al., Members of the Editorial Board of the Spectrum Student Periodical, Inc. — Judgment unanimously affirmed, without costs. Memorandum: Special Term properly disallowed the proxy vote. The by-laws state the editor-in-chief shall be elected at each annual meeting by "the members present" and that "[n]o proxy votes may be counted." Special Term was also correct in declaring Mr. Kachic the winner rather than ordering a new election. Section 618 of the Not-For-Profit Corporation Law provides that the Supreme Court may "confirm the election, order a new election, *or take such other action as justice may require*" (emphasis added). Prior to the amendment in 1969, the only remedy was to confirm the challenged election or order a new one (*Matter of Faehndrich,* 2 NY2d 468). By adding the phrase "[to] take such other action" the Legislature has given the courts power to determine the outcome of an election when appropriate and the votes may be calculated. Here, the 19 votes cast in person have already been fairly allotted and there is no claim of fraud or irregularity (see *Matter of Robert Clarke, Inc.,* 186 App Div 216; 3 White, NY Corporations [13th ed], par 619.03 [3]). (Appeal from judgment of Supreme Court, Erie County, Bayger, J. — declaratory judgment.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.

■ MAUREEN H. FREYNE, Respondent, v XEROX CORPORATION et al., Appellants. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff instituted this action against Xerox and the individual defendants alleging several causes of action, including fraud and civil conspiracy. Both the corporate and the individual defendants moved at Special Term against the complaint under CPLR 3016 (subd [b]) and 3211 (subd [a], pars 2, 7, 8). They appeal from Special Term's denial of their motion. Special Term erred in denying the individual defendants' motion to dismiss plaintiff's complaint. A review of the record fails to reveal any factual allegations that the individual defendants acted either outside the scope of their employment or for personal profit (*Citicorp Retail Servs. v Wellington Mercantile Servs.,* 90 AD2d 532; *Di Nardo v L & W Ind. Park,* 74 AD2d 736). Plaintiff's cause of action for fraud with respect to certain alleged fraudulent representations contained in a temporary international assignment agreement and other representations relating to the payment of hotel expenses incurred in Toronto, Ontario, should have also been dismissed. These alleged fraudulent representations are, in essence, restatements of plaintiff's contract cause of action and do not state separate causes of action in fraud (*Charles v Onondaga Community Coll.,* 69 AD2d 144, 148-149). Additionally, there is no substantive tort of civil conspiracy in New York (*Danahy v Meese,* 84 AD2d 670, 672); thus, plaintiff's cause of action for civil conspiracy should have been dismissed. We have examined defendant's other arguments and find them to be without merit. (Appeal from order of Supreme Court, Monroe County, Tillman, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.