■ Trusthouse Forte (Garden City) Management, Inc., Respondent, v Garden City Hotel, Inc., Appellant. — Order of the Supreme Court, New York County (Martin Evans, J.), entered September 26, 1983, granting leave to serve an amended complaint, is unanimously affirmed, without costs.

Order of the Supreme Court, New York County (Richard M. Wallach, J.), entered March 13, 1984, is unanimously modified, on the law, without costs, to dismiss the fifth cause of action of the amended complaint, and is otherwise affirmed.

Appeal from order of Supreme Court, New York County (Richard W. Wallach, J.), entered February 10, 1984, is dismissed, without costs, as superseded by the order of March 13, 1984.

While Special Term properly felt itself bound by the "law of the case" doctrine to deny appellant's motion to dismiss the fourth and fifth causes of action in respondent's amended complaint, in view of the prior order granting leave to amend entered by a Justice of coordinate jurisdiction (*Martin v City of Cohoes*, 37 NY2d 162, 165), that doctrine has no applicability to a reviewing appellate court. Nevertheless we leave undisturbed the grant of leave to amend to assert the fourth cause of action. That pleading adequately states a cause of action to recover damages for breach of the long-term management agreement between appellant and respondent, which agreement allegedly became operative as to respondent's entitlement to management and other fees at the time the hotel opened. The need to assert an additional theory of recovery of these damages apparently was an outgrowth of the denial of respondent's application for temporary injunctive relief against that very breach, which, it was alleged, would have caused the damages now sought to be recovered under the fourth cause of action. The amendment sets out that additional theory of recovery, but is based on the same set of facts as originally pleaded. No prejudice to appellants is claimed or demonstrated. Thus, even though the theory of recovery was changed, the mandate of CPLR 3025 (subd [b]) that leave to amend pleadings should be freely given was correctly followed. (*Dittmar Explosives v A.E. Ottaviano, Inc.*, 20 NY2d 498, 502.)

However, the fifth cause of action, alleging fraud and seeking recovery of punitive damages, is legally insufficient and should have been dismissed. It is well settled that a cause of action for fraud will not arise when the only fraud charged relates to a breach of contract. (*Miller v Volk & Huxley*, 44 AD2d 810; 24 NY Jur, Fraud and Deceit, § 51). Although the fifth cause of action sufficiently details the deeds and misconduct which allegedly constitute the fraud and thus meets the requirements of CPLR 3016 (subd [b]), those allegations only state a cause of action for breach of contract and thus are redundant of the prior causes of action. (*Miller v Volk & Huxley*, 44 AD2d 810, *supra*.)

It appears that the discovery ordered by Justice Wallach has proceeded following this court's denial of a stay. Thus, even

though service of an amended complaint revives a defendant's right to priority of discovery (*Van Valkenburgh, Nooger & Neville v Rider Publisher,* 24 AD2d 437), that issue is now moot. Concur — Kupferman, J. P., Sullivan, Asch, Milonas and Alexander, JJ.