■ ALITA N. NEUHS, Also Known as ALITA N. KOECHLIN, Appellant, v INGERSOLL RAND COMPANY, Defendant, and PRUDENTIAL-BACHE SECURITIES, INC., Formerly BACHE & COMPANY, INC., Respondent.—Weiss, J. Appeal from an order and judgment of the Supreme Court at Special Term (Hughes, J.),

entered February 15, 1984 in Albany County, which, *inter alia,* granted a motion by defendant Prudential-Bache Securities, Inc., for summary judgment dismissing the complaint against it.

This is an action seeking money damages for fraud. In March 1969, plaintiff tendered 200 shares of Torrington Company stock that she had inherited to defendant Prudential-Bache Securities, Inc., formerly Bache & Company, Inc. (hereinafter Prudential-Bache) for conversion into Ingersoll Rand Company (hereinafter Ingersoll) stock. As a result, she received 80 shares of Ingersoll preferred stock. In August or September 1969, a Prudential-Bache employee ostensibly assured plaintiff that she received the correct number of shares. Thereafter, in September 1979, plaintiff was advised by her then broker that she had received far less than the proper number of Ingersoll shares. By letter dated November 29, 1979, plaintiff informed Prudential-Bache of the discrepancy and demanded appropriate reimbursement. This action, commenced in January 1983, was followed (insofar as pertinent to this decision) by service of an amended complaint in August 1983, which included separate causes of action for fraud and conspiracy to defraud. Following joinder of issue, Special Term granted Prudential-Bache's motion for summary judgment dismissing the complaint against it on the grounds that the action for fraud was barred by the Statute of Limitations and the conspiracy action was legally insufficient. Plaintiff's cross motion for a stay of the proceedings pending further discovery was denied.

On appeal, plaintiff first urges that Special Term erred in dismissing the fraud action since the fraudulent misrepresentations were not actually discovered until July 23, 1981, within two years of commencement of the action. This argument does not find support in the record. An action for fraud must be commenced within six years from the date of commission of the act, or two years from the date that plaintiff discovered, or with reasonable diligence could have discovered, the fraud (CPLR 203 [f]; 213 [8]; *Smith v Sarkisian,* 63 AD2d 780, 781, *affd* 47 NY2d 878). Since the alleged fraud occurred in 1969, the action is untimely unless the discovery rule applies to preserve plaintiff's claim. The testimony of plaintiff at an examination before trial confirms that she learned of the error in the number of shares issued as early as September 1979. Significantly, her letter of November 29, 1979 outlines the operative facts underlying the claimed fraud. Plaintiff clearly was cognizant of enough facts at this point so that,

with reasonable diligence, she could have discovered the fraud *(cf. Trepuk v Frank,* 44 NY2d 723, 724-725; *Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321, 326). Under these circumstances, Special Term properly dismissed plaintiff's claim as time barred *(see, Lazzaro v Kelly,* 87 AD2d 975, 976-977, *affd* 57 NY2d 630; *Rutland House Assoc. v Danoff,* 37 AD2d 828).

We further conclude that Special Term properly dismissed the second cause of action alleging a conspiracy or agreement to defraud, since plaintiff failed to present any evidentiary basis for the claim *(see, Goldstein v Siegel,* 19 AD2d 489, 493). That the representatives of Prudential-Bache and Ingersoll were unable to produce more detailed records of the stock transaction in issue does not, ipso facto, evidence a conspiracy. We have reviewed plaintiff's remaining contentions of error and find them without consequence.

Order and judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.