■ Joseph E. Scally, Respondent, v Simcona Electronic Corporation et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special Term properly denied defendants' motion for summary judgment insofar as

they sought dismissal of plaintiff's contract cause of action. Triable issues of fact exist with respect to this contract claim which preclude summary judgment *(cf., Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). The court, however, erred in failing to grant summary judgment to defendants with respect to plaintiff's fraud causes of action.

In 1963 the parties entered into an employment contract whereby plaintiff, upon compliance with certain requirements, was granted an option to purchase 5% of the common stock of defendant corporation. In 1984 plaintiff elected to exercise his option. Defendants rejected plaintiff's purported election on the grounds that the option had lapsed and that plaintiff had not complied with the contractual prerequisite to its exercise. Plaintiff commenced the present action asserting causes of action for breach of contract and fraud. The fraud claims are based on plaintiff's contention that defendants failed to apprise plaintiff of the minimal cost to exercise his option, that his option had terminated and that defendants had induced him to continue his employment by misrepresenting the continued validity of his option.

As no separate and distinct duty beyond the contractual relationship existed between the parties, defendants' alleged breach of contract does not give rise to a tort claim *(see, Wegman v Dairylea Coop.,* 50 AD2d 108, 112, *lv dismissed* 38 NY2d 710, 918). Further, these fraud claims, commenced in 1985, are barred by the applicable Statute of Limitations (CPLR 213 [8]; 203 [f]). Plaintiff admits being specifically advised in 1972 by defendants that his stock option had lapsed. As of that date plaintiff had knowledge of the alleged fraud to deprive him of his stock option, or with reasonable diligence could have discovered the fraud *(see, Neuhs v Ingersoll Rand Co.,* 115 AD2d 187, 188-189, *lv denied* 67 NY2d 604; *Smith v Sarkisian,* 63 AD2d 780, 781, *affd* 47 NY2d 878). (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Pine and Lawton, JJ.