**VALUE TIME, INC., d/b/a Values Plus, Plaintiff,**

v.

**WINDSOR TOYS, INC., Defendant.**

**No. 88 Civ. 3788 (RWS).**

United States District Court, S.D. New York.

Nov. 29, 1988.

Golenbock and Barell, New York City (Robert S. Goodman, of counsel), for plaintiff.

Handal & Morofsky, Norwalk, Conn. (Anthony H. Handal, Christopher Grahame–Smith, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Plaintiff Value Time, Inc., d/b/a Values Plus ("Values Plus") has moved to dismiss the second counterclaim for fraud and the claim for punitive damages of defendant Windsor Toys, Inc. ("Windsor") for failure to state a cause of action upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion is granted.

### The Pleadings

Values Plus has sued Windsor, *inter alia,* for breach of three contracts between the parties and for fraud in the inducement in connection with those agreements.

In its answer, Windsor has asserted two counterclaims. The first charges that Value Time has breached the same three contracts. The second alleges that when Values Plus entered into the agreements with Windsor, "it [Values Plus] had the intention of not paying the full price agreed to for the teddy bears and of defrauding Windsor Toys, Inc." Windsor seeks damages "on account of said acts of fraud," including punitive damages.

### Breach of Contract as Fraud

The second counterclaim alleges that Values Plus has breached the contracts between the parties and that it intended to do so at the time the parties entered into the contracts. These allegations do not state a claim for fraud. *See Cranston Print Works Co. v. Brockmann Int'l A.G.,* 521 F.Supp. 609, 614 (S.D.N.Y. 1981). In *Cranston* the Court stated:

Several courts have rejected such efforts to convert a contract action into a tort claim of fraud based upon just such an

allegation that a contracting party never intended to fulfill his promise. *See, e.g., Stanat Manufacturing Co. v. Imperial Metal Finishing Co.,* 325 F.Supp. 794 (E.D.N.Y.1971); *Brick v. Cohen–Hall–Marz Co.,* 276 N.Y. 259, 11 N.E.2d 902 (1937); *Lewis v. Friedman–Marks Clothing Co.,* 70 A.D.2d 866, 418 N.Y.S. 2d 60 (1st Dept.1979); *Miller v. Columbia Records,* 70 A.D.2d 517, 415 N.Y.S.2d 869 (1st Dept.1979); *Hertz Commercial Leasing Corp. v. LMC Data Inc.,* 73 Misc.2d 1009, 343 N.Y.S.2d 689 (Civ.Ct.N. Y.Co.1973). While New York law recognizes a cause of action for fraud in the inducement of a contract, this claim cannot be based solely upon the failure to perform the promises of future acts which constitute the contractual obligations themselves. *See, e.g., Triangle Underwriters v. Honeywell, Inc.,* 604 F.2d 737 (2d Cir.1979); *Wegman v. Dairylea Cooperative, Inc.,* 50 A.D.2d 108, 376 N.Y.S.2d 728 (4th Dept.1975).

New York courts have held that "a cause of action for fraud will not arise when the only fraud charged relates to a breach of contract." *Trusthouse Forte (Garden City) Mgt., Inc. v. Garden City Hotel, Inc.,* 106 A.D.2d 271, 483 N.Y.S.2d 216, 218 (1st Dept.1984), *see also Scally v. Simcona Elec. Corp.,* 135 A.D.2d 1086, 523 N.Y.S.2d 307, 308 (4th Dept.1987) (absent duty between parties separate and distinct from contract, alleged breach does not give rise to claim of fraud); *Freyne v. Xerox Corp.,* 98 A.D.2d 965, 470 N.Y.S.2d 187, 188 (4th Dept.1983) (because "alleged fraudulent representations are, in essence, restatements of plaintiff's contract cause of action [they] do not state separate causes of action in fraud"); *Regnell v. Page,* 54 A.D.2d 540, 387 N.Y.S.2d 253 (1st Dept.1976) ("[t]he fraudulent breach of contract does not give rise to an action for fraud"); *Brignoli v. Balch Hardy and Scheinman, Inc.,* 645 F.Supp. 1201, 1207 (S.D.N.Y.1986).

Windsor's second counterclaim pleads no duty on the part of Values Plus separate and distinct from what appears within the four corners of the agreements. It is simply a reiteration of the contract claim and, therefore, will be dismissed.

*Punitive Damages*

 In the "Wherefore" clause, Windsor seeks punitive damages in the sum of $100,000.00. The dismissal of the second counterclaim requires dismissal of the claim for punitive damages because, "[u]nder New York law, punitive damages may not be awarded in breach of contract cases which involves only private wrongs." *Board of Educ. v. CNA Ins. Co.,* 647 F.Supp. 1495, 1508 (S.D.N.Y.1986), *aff'd,* 839 F.2d 14 (2d Cir.1988). In addition, Windsor has failed to plead any of the elements necessary for punitive damages. *See Bernstein v. Centaur Ins. Co.,* 606 F.Supp. 98, 100–101 (S.D.N.Y.1984).

*Conclusion*

For the reasons set forth above, the Values Plus's motion is granted. Discovery will be completed by January 18 and the pretrial order filed on January 25, 1989.

It is so ordered.