■ AMERICAN-EUROPEAN ART ASSOCIATES, INC., et al., Appellants, v TREND GALLERIES, INC., et al., Respondents. [641 NYS2d

835] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 14, 1994, which granted the motion by defendants Trend Galleries, Inc. and Ruth and Andrew Weiss to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), and which denied plaintiffs' cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint, unanimously affirmed, with costs.

The IAS Court properly dismissed the first cause of action for breach by defendants of a purported agreement to sell a painting by Yves Klein entitled "Le Monochrome" to plaintiffs as barred by the Statute of Frauds, section 2-201 of the Uniform Commercial Code, which precludes enforcement, by way of action or defense, of a contract for the sale of goods for the price of $500 or more absent a writing sufficient to indicate that a contract for sale has been made between the parties which is signed by the party against whom enforcement is sought. Plaintiffs failed to demonstrate the existence of a signed written contract reflecting the terms and conditions of their purported purchase agreement (*Mendelsohn v Levine*, 24 AD2d 1007).

The second cause of action for breach of an implied duty of good faith and fair dealing by defendants in allegedly negotiating to sell the painting to another party despite plaintiffs' purported contract with defendants was also properly dismissed for lack of a valid and binding contract from which such a duty would arise (*Nifty Foods Corp. v Great Atl. & Pac. Tea Co.*, 614 F2d 832; *Mocca Lounge v Misak*, 94 AD2d 761, 763).

Nor did the IAS Court err in dismissing the third cause of action seeking quantum meruit recovery, since plaintiffs have failed to plead any reasonable expectation of being compensated for the reasonable value of their services in connection with the sale of the painting (*Umscheid v Simnacher*, 106 AD2d 380, 382-383), and since plaintiffs may not utilize a quantum meruit theory of recovery to circumvent the Statute of Frauds (*Bauman Assocs. v H & M Intl. Transp.*, 171 AD2d 479, 484).

The IAS Court exercised its discretion appropriately in denying plaintiffs leave to amend the complaint since the proposed fourth and fifth causes of action for interference with contract and/or business relations and for fraud as against the individual defendants were legally insufficient (*Wieder v Skala*, 168 AD2d 355). There is no basis in law or fact to impose personal liability upon the individual defendants for actions taken as corporate officers of defendant Trend where, as here, the only fraud charged relates to an alleged breach of the purported contract to sell the painting (*Sanyo Elec. v Pinros & Gar Corp.*,

174 AD2d 452, 453), absent factual allegations of independent tortious conduct on their part (*Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 283, *lv dismissed and denied* 74 NY2d 874) or that the individual defendants acted either outside the scope of their employment or for personal profit (*Freyne v Xerox Corp.*, 98 AD2d 965).

We have considered defendants' remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.