■ NICHOLAS J. SANDS, JR., Respondent, v ROBERT FELDMAN et al., Appellants, et al., Defendants. [662 NYS2d 510] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about July 30, 1996, which, insofar as appealed from, denied defendants-appellants' motion to dismiss plaintiff's causes of action for breach of contract, the value of services rendered and breach of the duty of good faith and fair dealing, as barred by the Statute of Frauds, unanimously affirmed, with costs.

Plaintiff alleges that appellants fraudulently induced him and his purported coventurer to locate and procure particular works of art by representing that they had a client who would pay $300,000 for the works as an assembled set; in fact, according to plaintiff, appellants had no direct contact with the prospective purchaser and no authority to act on his or her behalf. Assuming the truth of these allegations and giving them every favorable intendment (*219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509), they show that a contract was entered into between brokers for the location and procurement of specific items of property for sale to a specific buyer. Such an agreement is neither one to procure or negotiate a business opportunity (General Obligations Law § 5-701 [a] [10]; *compare, Mirisola v Habsburg Feldman, S.A.*, 172 AD2d 306; *see, Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 266-267), nor one for the sale of goods (UCC 2-201; *compare, American-European Art Assocs. v Trend Galleries*, 227 AD2d 170), and is not subject to the Statute of Frauds (*see, Dura v Walker, Hart & Co.*, 27 NY2d 346). We note that even were this transaction subject to the Statute of Frauds, the partial performance of the agreement would remove the matter from the proscription. Concur—Sullivan, J. P., Rosenberger, Ellerin and Nardelli, JJ.