State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: December 8, 2016         522314
_____

FRANK MAKI,

               Appellant,

    v                            MEMORANDUM AND ORDER

THE TRAVELERS COMPANIES, INC.,
    et al.,

               Respondents,
               et al.,
               Defendant.
_____

Calendar Date: October 13, 2016

Before: Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

      Frank Maki, Walton, appellant pro se.

      Kenney Shelton Liptak Nowak, LLP, Buffalo (Judith Treger Shelton of counsel), for The Travelers Companies, Inc. and others, respondents.

_____

Devine, J.

      Appeal from an order of the Supreme Court (Lambert, J.), entered December 11, 2015 in Delaware County, which, among other things, granted certain defendants' motion to dismiss the complaint.

      Pursuant to an arrangement in which he agreed to lease his tractor truck to, and work as an independent contractor for, a transportation company, plaintiff was obliged to obtain commercial automobile liability insurance. He accordingly reached out to defendant Mang Insurance Agency, LLC, a retail insurance broker, which consulted with defendant LoVullo

Associates, Inc., an insurance wholesaler. The result was plaintiff purchasing a policy issued by defendant Northland Insurance, allegedly a wholly-owned subsidiary of defendant The Travelers Companies, Inc., for the period August 7, 2008 to August 7, 2009. Plaintiff was issued proof of insurance so that he could enter into the lease agreement, but was instructed to then provide Mang with a complete copy of the lease agreement and his vehicle registration.

Plaintiff alleges that he provided that documentation to Mang on August 28, 2008. Mang advised plaintiff that it did not have a complete copy of the lease agreement, however, and notified him in writing that he must provide the full documentation by September 18, 2008 "in order for [his] coverage to remain in force." Northland then gave written notice to plaintiff, as required by the insurance contract, that it intended to cancel the policy as of October 11, 2008. Plaintiff alleges that the missing pages of the lease agreement were provided to Mang prior to that date but that, despite assurances from employees of Mang that the problem had been resolved, Northland proceeded with the promised cancellation. In December 2008, plaintiff was involved in a motor vehicle accident that left him injured and his tractor truck damaged (see Maki v Bassett Healthcare, 141 AD3d 979, 979-980 [2016]). Plaintiff then attempted to make an insurance claim, at which point he learned that the policy had been canceled.

Plaintiff commenced this action in September 2014, asserting claims for breach of contract and fraud against Travelers, Northland, LoVullo and Mang, as well as certain individuals employed by those entities.[1] A motion to dismiss the complaint in part was filed by Travelers, Northland and LoVullo, as well as individuals who worked for one or more of those entities, defendants William Halpin, Dawn Varga and Michelle Meschke (hereinafter collectively referred to as the individual defendants). The motion sought dismissal of the fraud claim

---

[1] Upon a motion by Mang and its defendant employees, Supreme Court dismissed the complaint insofar as it was asserted against Mang's employees.

against Northland and the complaint in its entirety against Travelers, LoVullo and the individual defendants. Plaintiff cross-moved for summary judgment on his breach of contract claim against Northland – despite the fact that Northland had not yet served an answer – and to substitute Travelers Indemnity Company as a party defendant in the place of Travelers. Supreme Court granted the motion and denied the cross motion, and plaintiff now appeals.

In considering a "pre-answer motion[] to dismiss the complaint for failure to state a cause of action, we must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiff[] every possible favorable inference" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]; see Loch Sheldrake Beach & Tennis Inc. v Akulich, 141 AD3d 809, 814 [2016]). Any affidavits submitted by plaintiff may be used to cure any deficiencies in the pleadings (see Chanko v American Broadcasting Cos. Inc., 27 NY3d at 52), but the "affidavit" submitted by plaintiff in support of his cross motion is unsworn and of no probative value (see CPLR 3211 [c]; 3212 [b]; Enos v Werlatone, Inc., 68 AD3d 713, 714 [2009]). After considering the allegations in the complaint, we affirm.

Dealing first with the claims against the individual defendants, "[a] review of the record fails to reveal any factual allegations that [they] acted either outside the scope of their employment or for personal profit" in a manner that would open them to personal liability (Freyne v Xerox Corp., 98 AD2d 965, 965 [1983]; see American-European Art Assoc. v Trend Galleries, 227 AD2d 170, 171-172 [1996]). Plaintiff instead takes issue with the individual defendants because they performed their work duties in acting upon the representations of Mang that plaintiff had not provided complete copies of the needed documents. Supreme Court therefore correctly dismissed the complaint against them (see Lewiarz v Travco Ins. Co., 82 AD3d 1464, 1468 [2011]; Freyne v Xerox Corp., 98 AD2d at 965).

Turning to the breach of contract claims against Travelers and LoVullo, neither had a contractual relationship with plaintiff, as Northland was the corporate entity that issued the insurance policy at issue. Plaintiff gave no reason to believe

that LoVullo, an insurance wholesaler with which he had no direct dealings, could be held liable for a breach in the terms of an insurance policy issued to him by Northland (see e.g. Gauert v Chris-Leef General Agency, Inc., 123 SW3d 270, 273-274 [Mo Ct App 2003]).  As for Travelers, plaintiff alleges that Northland is its "wholly owned subsidiary," but "[a] parent corporation may not be held liable for the contracts [and other acts] of its subsidiary solely because of stock ownership" (A.W. Fiur Co. v Ataka & Co., 71 AD2d 370, 374 [1979]).  The exception is where "[a] subsidiary corporation over which a parent corporation exercises control in everyday operations may be deemed an instrumentality or agent of the parent, and '[t]he determinative factor is whether the subsidiary corporation is a dummy for the parent corporation'" (Pritchard Servs. [NY] v First Winthrop Props., 172 AD2d 394, 395 [1991], quoting A.W. Fiur Co. v Ataka & Co., 71 AD2d at 374).  Plaintiff failed to make any specific allegations of that sort in the complaint.  As such, Supreme Court was right to dismiss the breach of contract claims against Travelers and LoVullo.

Our review of the complaint also reveals that the fraud claims against Northland, Travelers and LoVullo were properly dismissed.  The complaint asserts that Meng committed fraud by not turning over a complete copy of the lease agreement, with defendants limited to "aid[ing] and abett[ing]" that fraud.  The alleged fraud committed by Northland, Travelers and LoVullo, however, amounted to acting upon the purported misrepresentations made by Mang as to what documents had been provided by plaintiff instead of ferreting out any misdeeds on their own initiative.  Inasmuch as that thin gruel does not constitute a sufficient allegation "that [those] defendants were aware of a fraud and intended to aid in the commission of the fraud," the fraud claims against them fail (Agostini v Sobol, 304 AD2d 395, 396 [2003]; see National Westminster Bank v Weksel, 124 AD2d 144, 147-148 [1987], lv denied 70 NY2d 604 [1987]).

We have examined the remaining issues raised by the parties and found them to be without merit.

Garry, J.P., Egan Jr., Rose and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court