VARICK SPRING CORPORATION, Plaintiff, *v.* AMERICAN LOOSE LEAF CORPORATION, Defendant.

City Court of New York, New York County, December 15, 1931.

*Samuel Wasserman,* for the plaintiff.

*Abraham N. Geller,* for the defendant.

RYAN, J. Motion to dismiss complaint on the ground that it fails to state facts sufficient to constitute a cause of action. A further ground of attack is that the assignment on which the action is founded is unenforcible under the provisions of the Statute of Frauds. The complaint alleges that plaintiff by a writing leased certain premises for a term beginning May 1, 1926, and ending January 31, 1936, at specified graduated rentals; that at some time during 1928 the defendant took over the assets and assumed the liabilities of the lessee; that the latter assigned the lease to the defendant and the defendant assumed same; that thereafter and at some time during 1928 the defendant went into possession and has since occupied the premises and has since that time continuously paid rent of said premises as provided for in said lease down to and including September 30, 1931; that the defendant has failed to pay the installments of rent due on October 1, 1931, and November 1, 1931, respectively.

The defendant's occupancy of the premises created a privity of estate between it and the landlord, which made the tenant liable for rent, as provided for in the lease, from the time such occupancy began until the estate so created was ended by a *bona fide* assignment of the lease or by surrender to the landlord of the estate so created. The allegation of the complaint that the lease was assigned to the defendant by the lessee for the purposes of this motion must be accepted as a fact. Such possession and occupation of the premises by the defendant raises the presumption that the lease had been duly assigned to it and that all the requirements of the Statute of Frauds with relation thereto had been complied with. (*Mann* v. *Munch Brewery,* 225 N. Y. 189.) There is a provision in the lease that the tenant shall not assign same without the written consent of the landlord and that there shall be no waiver of this provision unless expressed in writing and signed by the landlord. The defendant urges that as plaintiff did not consent to the assignment in writing and that a waiver in this respect was not in writing,

plaintiff is barred from bringing this action against the assignee. These provisions are for the benefit of the landlord and may be availed of only by him. They afforded the defendant no rights whatever. So, too, the provision as to the application of money deposited with the landlord as security. The landlord was at liberty under the terms of such deposit to apply the entire amount as liquidated damages; but he was not bound to do so. There was nothing in the lease making this obligatory on him or that the retention of said sum was to be to the exclusion of all other claims for damages. He may sue for and recover all damages flowing from the breach of the covenants of the lease. Motion denied, with ten dollars costs. Order signed.