Charles A. Loreto, J.
Plaintiff sues for damage claimed resulting from an alleged conspiracy between one of its employees and defendant. It alleges a scheme to defraud plaintiff of *681 its regular price for merchandise sold to defendant. Defendant has denied the charge in its entirely.
The case was tried in this court without a jury. The court reserved decision on defendant’s motion to dismiss the complaint made at the end of plaintiff’s case and at the conclusion of the entire trial and also on defendant’s motion to strike certain testimony asserted not binding on him.
As the only evidence adduced as to the plan or scheme to defraud was the testimony of plaintiff’s former employee, Millan, defendant’s counsel has argued that the complaint should be dismissed because the conspiracy has not been established, in that the connection of the defendant or identification of the defendant with the plan or scheme to defraud, has not been corroborated. In entertaining this view, he misconceives the applicable law. If this were a criminal case, that would be so. However, the planning or scheming to conspire is not a tort, nor is the plan or scheme to conspire. It is the acts performed pursuant to the conspiracy which constitute the tortious conduct for which the wrongdoers will be held civilly accountable to the injured party; such acts may result in an assault, a defrauding one of his property or some other invasion of his rights. ‘ ‘ The essence of a conspiracy, so far as it justifies a civil action for damages, is a concert or combination to defraud or to cause other injury to person or property, which actually results in damage to the person or property of the person injured or defrauded.” (Italics supplied.) (Place v. Minster, 65 N. Y. 89, 95; see, also, Green v. Davies, 182 N. Y. 499, 504; Rhodes v. Ocean Acc. & Guar. Corp., 235 App. Div. 340; 15 C. J. S., Conspiracy, § 9, p. 1004.)
Here, the wrong charged is the commission of a fraud upon the plaintiff resulting in the deprivation of property pursuant to an agreed purpose and intent of the two alleged wrongdoers. Corroboration, therefore, is not required of any element constituting the tort; although the plaintiff must satisfy the burden of proof that in all respects rests upon him.
Defendant’s attorney argues with force that the testimony of the employee must be rejected as untrustworthy and unbelievable. Millan admitted that he signed an affidavit for defendant concerning this under threat that he would “go to jail ’ ’ and since he was under such great stress he would have signed anything; he gave conflicting or contradictory figures as to the amount he asserted defendant paid him as a “ kick-back Defendant’s attorney also argues that Millan’s motive in selling to defendant at the reduced price paid by defendant was in order to build up defendant’s export department and its dollar volume *682 of sales in order to secure defendant’s orders which he could not otherwise obtain, and that Millan admitted a sale and billing to another customer at a price considerably below the regular price, asserting it was an error and not a plan to defraud, as is charged to defendant.
Truly Millan has proved himself to be a knave and faithless servant and one who has given conflicting statements under oath as to certain facts. Nonetheless, as in all cases, it is the duty of the court as the trier of the facts to pass upon all of the evidence, to determine what it will accept and what it will reject, and it lies within its prerogative to reject all the testimony given by a witness who has lied about a material fact or to reject only such portion of the testimony which it believes to be false.
Fraud is charged. It is indeed a serious charge for an unpaid money judgment in this case will permit the defendant’s arrest and imprisonment. Therefore, the court agrees with his attorney when he points out the law to be applied in evaluating the evidence as declared in Nirenstein v. George A. Horvath, Inc. (286 App. Div. 409, 416), i.e., that “ When the evidence is capable of an interpretation which makes it equally as consistent with the innocence of a party as with his guilt, that meaning must be ascribed to it which accords with his innocence.” Also the court agrees with his reference to Lynch v. Gibson (254 App. Div. 47, 51, 52, affd. 279 N. Y. 634) as to the character of the proof required, i.e., “ Fraudulent acts will not be presumed nor can they be based merely upon suspicion, conjecture or doubtful inference. Here, as elsewhere, fraud must be established by clear and convincing factual proof. * * * No presumption may be indulged in that fraudulent advantage was taken.” Of course, the burden of proving the alleged fraud, and as to the entire case, rests upon the plaintiff.
With these guiding principles in mind in considering and evaluating the evidence, the court finds that defendant entered into an understanding or agreement with Millan, plaintiff’s former export manager, in March, 1955 to defraud plaintiff by procuring the sale to defendant of plaintiff’s merchandise at markedly lower prices than their regular sales prices; and that as consideration for such an agreement that the defendant agreed to give Millan a “ kick-back ” or certain payment with each shipment; and that 11 orders were placed by defendant and 11 shipments were made pursuant to such orders during the period of three years.
Scrutinizing his testimony closely, the court fails to discern any motive why Millan would implicate this defendant in such a *683 wrong embracing so many shipments, unless in fact there had been an arrangement made between them. That he did not similarly implicate another customer to whom one order at a substantially lower price had been given, does not necessarily preclude such a finding against the defendant, even though the court disbelieves his testimony that his dealing with the other customer was the result of a mistake.
Also why Millan has given under oath several different amounts as to the money he states he was paid by the defendant, may be a source of speculation. But whether he was paid one figure or another or not at all; once it is determined that there was an agreement, the element of payment would be a corroborative factor and it is not necessarily one that must exist to find a pre-existing design to defraud.
The court finds that the record is barren of proof to indicate that the defendant knew how Millan would contrive to accomplish the result and what he would undertake to do in order to despoil his employer. This lack of proof is the basis upon which defendant premises his motion to strike the testimony of several witnesses called on behalf of plaintiff to testify to its records and shipments relating to defendant’s orders. This motion is now overruled.
Since the court credits that portion of Millan’s testimony as implicates the defendant and describes how he was able to conceal his perfidy from his employer by altering, withholding and destroying records, impliedly he became the agent of the defendant to do whatever he chose to do to accomplish his mission, and his acts and declarations unknown to the defendant in the fulfillment of the fraud are equally chargeable to the latter, for as was said in Place v. Minster (65 N. Y. 89, 97, 98, supra), having reaped the benefit of the fraud, Millan’s acts must be deemed his acts and he must respond to the plaintiff.
When it is determined that the defendant entered into the bargain or design and it is also found that he enjoyed its fruits, it is not necessary for the court to find that he actively participated further in the accomplishment of the design. Although passive and silent, he is equally culpable as the active malefactor (Place v. Minster, supra, p. 96).
As to damages, the court finds that the defendant was aware of the plaintiff’s current prices of the merchandise shipped on his orders, and accordingly finds that plaintiff is entitled to damages computed at the difference between the prices billed and paid by defendant and the 24 cents per yard for all of the merchandise shipped, that being the plaintiff’s lowest regular *684 price at any time for any of the merchandise under the uncontradicted proof. Such computation shows the following:
52,144 yards hilled and paid for at 18 cents per
yard by 6 cents, equals........................ $3,128.64
41,758 yards billed and paid for at 13 cents per yard by 11 cents, equals......................... 4,593.38
Total........................... $7,722.02
Plaintiff is also entitled to interest to date of judgment on each of the items making up such totals, from the dates on which defendant made payment of the fraudulent lower invoices.
The separate defense pleading the three-year Statute of Limitations is found to be inapplicable and therefore it is dismissed.
Findings of fact and conclusions of law having been waived, this opinion constitutes the decision of the court pursuant to the Civil Practice Act. Judgment may be entered accordingly.