Joseph A. Suozzi, J.
On November 10, 1960, the plaintiffs executed and delivered to the defendants, Gustave Bruno and Catherine T. Bruno, a bill of sale covering a stationery and confectionery business together with all fixtures, merchandise, lease and good will thereof. The bill of sale recites that the sellers acknowledge receipt of $2,000, and states the balance of the consideration shall be made by the purchasers assuming a $12,000 obligation of the sellers to the Franklin National Bank with interest, and by paying a further sum of $1,500 in monthly *248 installments commencing in December, 1961. The sale is made subject to the assumption of the mortgage held by the bank, and is also subject to the assignment of the lease of the premises to the Franklin National Bank as security for its mortgage.
Upon delivery of the bill of sale, the purchasers allegedly took possession and control of the premises and conducted the business until it was sold under foreclosure proceedings instituted by the bank for default in payment of its mortgage. The first cause of action seeks damages for breach of agreement. The second cause alleges the purchasers and the other named defendants (except David Barth) conspired together to cause a default to occur in payment of the mortgage, and thereafter purchased the business on the foreclosure sale in the name of the corporate defendant.
This is a motion to dismiss the first and second causes of action for legal insufficiency. The first cause is stated to be insufficient under the Statute of Frauds (Real Property Law, §§ 242, 259) as a contract to convey an interest in land — viz., the assignment of a lease exceeding a term of one year — without a writing signed by the parties to be charged.
Section 242 of the Real Property Law requires the conveyance of an estate or interest in realty to be subscribed by the person creating, granting or assigning the same. The bill of sale in this case was signed by the plaintiffs, and where a person other than the lessee is shown to be in possession of leasehold premises, the law presumes that the lease has been assigned to him. It further presumes that the assignment was sufficient to transfer the term and to satisfy the Statute of Frauds (Mann v. Munch Brewery, 225 N. Y. 189, 193). This case, moreover, does not involve a contract for the leasing of premises but an executed contract of sale, and the possession and occupancy of the premises raises the presumption that the lease had been duly assigned, and the requirements of the Statute of Frauds satisfied (Varick Spring Corp. v. American Loose Leaf Corp., 145 Misc. 609). However, even if the bill of sale were considered insufficient because it was not executed by the purchasers, there is still a sufficient showing of partial performance on their part to defeat this motion. It cannot be said on the pleading alone, and as a matter of law, that their payment of the contract sum, their possession of the premises and conduct of the business was not done solely pursuant to the sale of the business. The evidence in support of this contention must be weighed by the trier of the facts.
The second cause of action is attacked on the ground that a party cannot be charged with conspiring to breach his own *249 contract (Labow v. Para-Ti Corp., 272 App. Div. 890; Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495). While the purchasers cannot be thus charged, the other named defendants may be liable for inducing the breach (Hornstein v. Podwitz, 254 N. Y. 443; Campbell v. Gates, 236 N. Y. 457). While the complaint may be sufficient in stating a cause of action for wrongfully and intentionally inducing a breach of contract, it does not, however, state any actionable facts against the defendant purchasers. Accordingly, the motion is granted to the extent of dismissing the “ second ” cause of action as to the defendants Gustave Bruno and Catherine Bruno, and in all other respects is denied.