■ NEDERLANDSCHE HANDEL-MAATSCHAPPIJ N. V., et al., Appellants, v. JULIUS SCHREIBER, Respondent.— Order, entered on February 2, 1962, unanimously reversed on the law, with $20 costs and disbursements to appellants, and motion of defendant Schreiber to dismiss the complaint as to him is denied, with $10 costs. The complaint here does sufficiently set forth a conspiracy entered into by all of the defendants to cheat and defraud the plaintiffs, and the allegations of the complaint are sufficient to charge all the defendants with wrongful overt acts committed by them or some of them, including the moving defendant, in carrying out the alleged conspiracy. In any event, the liability of defendant, as one of the conspirators, for the wrongful acts of his coconspirators does not necessarily depend upon his active participation in the particular overt acts. (See *Goodman* v. *Goodman & Suss Clothes Corp.*, 68 N. Y. S. 2d 281; *Keller* v. *Levy*, 265 App. Div. 723, 724; 15 C. J. S., Conspiracy, p. 1028, § 18; 8 N. Y. Jur., Conspiracy, p. 504, § 10.) And, liberally construed, the complaint does sufficiently show that the particular notes mentioned in the complaint were procured, and discounted, sold or negotiated in furtherance of the conspiracy in which the defendant is alleged to have joined. Settle order on notice. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ EDWARD DAVIS, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Judgment, dismissing the complaint in a personal injury action, unanimously reversed, on the law and on the facts, and a new trial ordered, with costs to abide the event. At the close of the plaintiff's case in denying the motion to dismiss the trial court said: "If the jury believes the story, they are entitled to give him a verdict." At the close of the entire case, after reserving decision on the motion to dismiss but before submission to the jury and in the course of defendant's summation, the trial court granted the motion. We hold plaintiff's proof was sufficient to make a prima facie case and despite the persuasiveness of defendant's evidence the case was required to be submitted to the jury. (Cf. *Sagorsky* v. *Malyon*, 307 N. Y. 584, 586; 2 A D 2d 675, revd. 3 N Y 2d 907; 4 A D 2d 1016.) Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.