In re J.J. MURTHA, INC., Debtor.

J.J. MURTHA, INC., Plaintiff,

v.

CONTINENTAL BANK, Defendant and Third Party Plaintiff,

v.

William C. KAUFMAN, Third Party Defendant.

Bankruptcy No. 80–01709G.
Adv. No. 80–0800G.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 3, 1984.

John A. Wetzel, Wessel & Carpel, and James J. O'Connell, Philadelphia, Pa., for debtor/plaintiff, J.J. Murtha, Inc.

Thomas J. Leach, Drinker, Biddle & Reath, Philadelphia, Pa., for William C. Kaufman, third-party defendant.

Joseph N. Bongiovanni, Jr., Speese, Bongiovanni & Copeland, Philadelphia, Pa., for defendant and third party plaintiff, Continental Bank.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the dispute at bench is whether we should grant the third party defendant's motion for summary judgment on causes of action (brought by the third party plaintiff) for negligent misrepresentation and intentional interference of contractual relations. For the reasons stated herein we will deny the motion.

The facts of this case are as follows:[1] J.J. Murtha, Inc. ("the debtor") filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on July 17, 1980. At the time of said filing William C. Kaufman ("Kaufman") was secretary to the debtor, a member of its Board of Directors and, through other corporations, the owner of a majority interest of the debtor's stock. He was also the major source of capital funding before the involvement of Continental Bank ("Continental"). Continental granted the debtor a substantial loan due, in part, to Kaufman's stature and reputation with the Bank.

In the early months of 1980, the debtor was experiencing financial difficulties and it discussed the matter with Kaufman. Kaufman thereupon communicated the debtor's problems to Continental and several days later Continental set off the loan owed to it by the debtor against the debtor's funds which were on deposit, causing the debtor to terminate operations and file for reorganization.

■ As stated above, the third party defendant has urged us to grant his motion for summary judgment on the two causes of action brought by Continental against Kaufman, the first of which is for negligent misrepresentation. The elements of this cause of action have been stated as follows:

§ 552. Information Negligently Supplied for the Guidance of Others

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons · for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the

---

1. Under Fed.R.Civ.P. 56, which is applicable through Bankruptcy Rule 7056, summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405·(3d Cir.1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. den.,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

*Restatement (Second) of Torts* § 552 (1977) (which is applicable in Pennsylvania through *Mill-Mar, Inc. v. Statham,* 278 Pa.Super. 296, 420 A.2d 548 (1980), *appeal dismissed,* 499 Pa. 219, 452 A.2d 1017 (1982)). Although the parties are in agreement that Kaufman discussed the debtor's financial position with Continental, the nature of this discussion is disputed. A review of the evidence of this case indicates that the parties dispute the essential facts underlying several elements of the alleged tort. First, although it is clear that Kaufman made statements about the debtor's financial condition it is not clear that he overstated the debtor's plight. Second, it is not apparent whether Kaufman's interest in the case is sufficient to support the requirement that the alleged misstatement was made in his "business, profession or employment, or in any other transaction in which he has a pecuniary interest." Although Kaufman made the statements in the course of his business or employment, it is not apparent that he received a pecuniary benefit by the communication to the bank.[2] Third, the issue of justifiable reliance is not clearly established and, fourth, the proof currently of record is not dispositive of the issue of reasonable care.

Although it is not clear that Continental will not be able to prove the necessary elements of this cause of action, Kaufman contends that the bank cannot prevail since it was not the party which was harmed. From Continental's complaint we educe the essence of the action as one for contribution or indemnity in the event that the debtor prevails against the bank on the original complaint. Kaufman opposes this result by urging that contribution or indemnity cannot properly be awarded under Pennsylvania state law which governs this action. We find that neither the law nor the facts have been presented to the court with sufficient clarity for us to award summary judgment on this basis.

As stated above, the second issue is whether we should grant Kaufman's motion for summary judgment on Continental's cause of action for intentional interference with contractual relations. The elements of this tort are as follows:

§ 766. Intentional Interference with Performance of Contract by Third Person

One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

*Restatement (Second) of Torts* § 766 (1979) (which has been adopted by the Pennsylvania Supreme Court, *see, e.g., Adler v. Epstein,* 482 Pa. 416, 393 A.2d 1175 (1978), *appeal dismissed,* 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272).

As its first basis for summary judgment on this claim, Kaufman asserts that

---

**2.** Comment (d) following Restatement (Second) of § 552 states in part as follows:

d. The defendant's pecuniary interest in supplying the information will normally lie in a consideration paid to him for it or paid in a transaction in the course of and as a part of which it is supplied. It may, however, be of a more indirect character. Thus the officers of a corporation, although they receive no personal consideration for giving information concerning its affairs, may have a pecuniary interest in its transactions, since they stand to profit indirectly from them, and an agent who expects to receive a commission on a sale may have such an interest in it although he sells nothing.

The fact that the information is given in the course of the defendant's business, profession or employment is a sufficient indication that he has a pecuniary interest in it, even though he receives no consideration for it at the time. *It is not, however, conclusive.* (Emphasis added).

the cause of action was not pleaded in Continental's third party complaint and no discovery has been conducted on it. Although Kaufman's contentions are true, Continental informed Kaufman several months ago of its intentions to amend its complaint. Since the facts underlying this cause of action are essentially the same as those supporting the action for negligent misrepresentation, further discovery may not be necessary, and since it appears that no prejudice will result, we will deem the complaint amended in light of the liberal amendment policy of Fed.R.Civ.P. 15(a) and Bankruptcy Rule 7015.

Kaufman asserts that summary judgment may be granted on the claim since it is beyond dispute that his statements to Continental were true and that he did not possess the requisite intent. We find that there is a material factual dispute as to each of the two averments and thus we cannot grant summary judgment on this cause of action.