Kenneth E. RAINE, As Trustee of
Hollywood Film Trust Agreement,
et al., Plaintiff-Appellant,

v.

LORIMAR PRODUCTIONS, INC., Lorimar, Inc., and Allied Artists Pictures
Corp., Defendants-Appellees.

No. 86 Civ. 0369 (CBM).

United States District Court,
S.D. New York.

March 4, 1987.

Bryer & David by Marvin M. David, New York City, for Kenneth E. Raine, as trustee.

Otterbourg, Steindler, Houston & Rosen, P.C. by Richard J. Rubin, New York City, for Lorimar Productions, Inc. and Lorimar, Inc.

Angel & Frankel, P.C. by Bruce Frankel and Martin Eisenberg, New York City, for Allied Artists Pictures Corp.

## OPINION

MOTLEY, Senior District Judge.

Plaintiff-appellant Kenneth E. Raine, as Trustee of the Hollywood Film Trust Agreement, appeals from the order of Bankruptcy Judge Cornelius Blackshear dismissing plaintiff's complaint against Allied Artists Pictures Corp. ("Pictures"), and against Lorimar Productions, Inc. and Lorimar, Inc. ("Lorimar") for failure to state a claim upon which relief can be granted. For the reasons that follow, the decision of the Bankruptcy Judge is reversed as to all defendants.

*Background*

The events out of which plaintiff-appellant's complaint against Pictures and Lorimar arise have been extensively laid out in this court's opinion, filed simultaneously herewith, on the companion appeal of *Raine v. Allied Artists Pictures Corp.*, 86 Civ. 0369 (CBM). For purposes of the present appeal, it will suffice to delineate the allegations of plaintiff's complaint.

In 1979, Allied Artists Pictures Corp. ("Pictures"), a motion picture distributor, filed for Chapter 11 bankruptcy. Among its most significant assets was a film library. Many of the films in this collection were subject to a trust agreement, the Hollywood Film Trust Agreement ("Trust Agreement"), pursuant to which Pictures, as a first party signatory to the Agreement was obliged to pay royalties into a trust fund for the benefit of professional musicians each time one of the covered films was televised. The Trust Agreement also provided that Pictures could not sell or

transfer the covered films to anyone who was not a participant in the Agreement and who was thus not subject to its royalty and other obligations.

After Pictures was declared bankrupt, plaintiff-appellant Raine, as trustee of the Trust Agreement, filed an action in the bankruptcy court for a declaratory judgment that Pictures was barred from transferring the covered films except in accordance with the Trust Agreement restrictions.[1] By a stipulation dated September 28, 1979 that was so ordered by the bankruptcy court, the trustee agreed to an adjournment of its action *sine die*. In exchange, Pictures promised that if any transfer of the films became imminent, it would supply the trustee with mail notice at least 20 days in advance of the transaction, presumably so that the trustee would have an opportunity to renew his declaratory judgment action.

Pictures sold its film library to Lorimar in March 1980. The sale included the films that were covered by the Trust Agreement. Plaintiff alleges that in violation of the court-ordered stipulation of September 1979, Pictures failed to provide the trustee with the requisite prior notice of this transfer. Lorimar was not, and is not now, a participant in the Trust Agreement, and thus would appear to be free of the royalty obligations imposed therein.

In his complaint, plaintiff alleges that Pictures and Lorimar are liable for "breach of contract pursuant to conspiracy," and requests monetary and injunctive relief. Plaintiff alleges that Lorimar, which was incorporated shortly after Pictures declared bankruptcy, conspired with Pictures to obtain the valuable film library at a price below market value and unencumbered by the royalty obligations set forth in the Trust Agreement. As circumstantial evidence of this alleged agreement between Pictures and Lorimar, plaintiff alleges that many of Pictures' former employees have now become important executives at Lorimar. Plaintiff also contends that Pictures

and Lorimar occupied suites at the same address at the time of the film library transfer. Among the alleged overt acts in furtherance of the charged conspiracy, plaintiff points to Pictures' sale of the film library to Lorimar in violation of the Trust Agreement's transfer restrictions and in violation of the prior notice provisions of the court-ordered stipulation of adjournment. Plaintiff claims to have been injured by the alleged breaches of the Trust Agreement and of the stipulation, and by the alleged conspiracy in that he was deprived of a fair opportunity to present his case to the bankruptcy court, and ultimately in that the Pictures/Lorimar deal has permanently eliminated the royalty rights of the Hollywood Film Trust in the covered films.

*Discussion*

a. *Standard of review*

 Under the standard of review that this court must apply to the bankruptcy judge's decision, findings of fact may not be set aside unless clearly erroneous. Bankruptcy Rule 8013, 11 U.S.C. The district court must make an independent review, however, of the bankruptcy court's conclusions of law. *In re Tesmetges*, 47 B.R. 385, 388 (E.D.N.Y.1984). Because this is an appeal from the decision on a motion to dismiss for failure to state a claim, purely legal considerations are involved, and thus this court's review must be *de novo*.

 Review is made difficult in the present case by the lack of formal opinion on the decision below, and by the failure of the bankruptcy judge to elucidate the basis for his judgment orally from the bench. The bankruptcy judge's order dismissing the Trustee's complaint, however, refers explicitly to his consideration of the parties' briefs. Accordingly, this court must assume that the dismissal of this complaint below was on the grounds set forth in moving papers.

b. *Motion to dismiss for failure to state a claim*

 A complaint should not be dismissed for failure to state a claim unless it

---

**1.** This declaratory judgment action is the subject of a separate appeal, *Raine v. Allied Artists Pictures Corp.*, 71 B.R. 445 (S.D.N.Y.1987). An

opinion on this appeal has been filed simultaneously with the opinion in the present case.

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957); *In re O.P.M. Leasing Services, Inc.*, 21 B.R. 986, 991 (Bankr.S.D.N.Y.1982). For purpose of a motion to dismiss, the factual allegations of the complaint must be taken as true and must be taken in the light most favorable to plaintiff. *In re HRT Industries, Inc.*, 29 B.R. 861, 863 (Bankr.S.D.N.Y.1983). Accordingly, doubt as to a party's ability to prove his case, no matter how unlikely it seems he will be able to prove it, is no reason for dismissing his pleadings for failure to state a claim upon which relief can be granted. *Walker Distributing Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1, 4 (9th Cir.1963); *Carnivale Bag Co., Inc. v. Slide-Rite Mfg. Corp.*, 395 F.Supp. 287, 291 (S.D.N.Y.1975); *Myers v. United States*, 162 F.Supp. 913, 914 (N.D.N.Y.1958).[2]

■■■ Under the liberal pleading standards applicable in federal courts, the fact that plaintiff's allegations do not support the particular legal theory advanced should not necessarily result in dismissal; rather, the court must examine the complaint to determine whether the allegations provide for relief on any possible theory. *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir.1985); *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1081 (D.C.Cir.1984); *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.1979), *cert. denied* 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979); *Parr v. Great Lakes Exp. Co.*, 484 F.2d 767, 773 (7th Cir.1973); *Brubrad Co. v. United States Postal Service*, 404 F.Supp. 691, 693 (E.D.N.Y.1975), *aff'd.* 538 F.2d 308 (2d Cir.), *cert. denied*, 429 U.S. 834, 97 S.Ct. 99, 50 L.Ed.2d 99 (1976); *American Airlines, Inc. v. Air Line Pilots Ass'n., International*, 169 F.Supp. 777, 798 (S.D.N.Y.1958). Furthermore, under the liberal notice theory of pleading, the failure of a complaint to state with precision all

the elements necessary to give rise to a cognizable claim is not by itself grounds for dismissal. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978); *Newton v. Kroger Co.*, 501 F.Supp. 177, 179 (E.D.Ark.1980) (claim should survive motion to dismiss if it sets out facts sufficient for court to infer that all required elements of cause of action are present); *Pempek v. Edgar*, 603 F.Supp. 495, 497–98 (N.D.Ill.1984) (in order to withstand a motion to dismiss, complaint must contain either direct allegations on all material points, or contain allegations from which inference may be drawn that evidence on these material points will be introduced at trial); *In re Black & Geddes, Inc.*, 16 B.R. 148, 151 (Bankr.S.D.N.Y.1981) (if within framework of complaint some evidence may be introduced which could sustain grant of relief, complaint is sufficient and can withstand motion to dismiss).

### c. *The motion to dismiss by Allied Artists Pictures Corp.*

Pictures stated four grounds in support of its motion to dismiss for failure to state a claim. These are as follows: 1) under New York State law, one contracting party does not have a cause of action against another contracting party for conspiracy to breach the agreement between them; 2) there is no substantive tort of conspiracy under New York law; 3) plaintiff's allegations of conspiracy lacked specificity and were merely conclusory accusations; 4) there can be no conspiracy unless there are two or more parties to an agreement.

Pictures' arguments have some merit but are ultimately insufficient to support dismissal of plaintiff's complaint. To begin with, while it is well-established under New York law that no cause of action by a party to a contract will lie for conspiracy to breach the contract, *see, e.g., Special Event Entertainment v. Rockefeller Center, Inc.*, 458 F.Supp. 72, 78 (S.D.N.Y.1978); *Bereswill v. Yablon*, 6 N.Y.2d 301, 306, 189

---

**2.** Under these well-established criteria for determining motions to dismiss for failure to state a claim, the suggestions of the bankruptcy judge that the complaint might be dismissed if plaintiff were not immediately able to prove its allegations and to offer witnesses in support thereof, were clearly misplaced.

N.Y.S.2d 661, 664, 160 N.E.2d 531, 533 (1959), taken in the light most favorable to plaintiff, the pleadings in the present case allege simple breach of contract by Pictures. According to plaintiff, Pictures entered into an agreement with plaintiff, the stipulation adjourning the declaratory judgment action *sine die*, breached the agreement by failing to give the requisite prior notice, and caused plaintiff injury thereby in that Lorimar obtained the covered films without full objection by the trustee and ostensibly free and clear of royalty obligations. Thus, taken as a breach of contract claim, there is no question that plaintiff has sufficiently stated a claim against Pictures. *See Stratton Group, Ltd. v. Sprayregen,* 458 F.Supp. 1216, 1217 (S.D. N.Y.1978) (essential elements for breach of contract are the making of an agreement, due performance by plaintiff, breach by defendant, damage to plaintiff).

■ Pictures' second argument for dismissal was that New York does not recognize a substantive cause of action for civil conspiracy. *See, e.g., Louis Marx & Co., Inc. v. Fuji Seiko Co., Ltd.,* 453 F.Supp. 385, 392 (S.D.N.Y.1978). Although it is indisputable that no substantive cause of action for civil conspiracy exists under New York law, this fact is inapposite. Plaintiff's conspiracy claims against both Pictures and Lorimar do not stand alone but are based on an underlying allegation of substantive tortious conduct that *is* recognized by New York law. *See Block v. Chassin,* 319 N.Y.S.2d 86, 36 A.D.2d 703 (1st Dept.1971) (*per curiam*) (conspiracy claims must be dismissed unless grounded in viable claims of substantive tortious conduct.)

Taking the complaint in the light most favorable to plaintiff, plaintiff has sufficiently stated a cause of action for fraud. To prove a claim of fraud under New York law, it is necessary to show a knowing and intentional misrepresentation or omission of material fact, done for the purpose of inducing plaintiff's reliance, and which did induce plaintiff's reasonable reliance to his injury. *See, e.g., Mallis v. Bankers Trust Co.,* 615 F.2d 68, 80 (2d Cir.1980), *cert.*

*denied* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109. Plaintiff has contended that Pictures falsely represented in its September 28, 1979 stipulation that it would give the trustee mail notice prior to any transfer of the covered films. He has contended as well that the trustee was injured by his reliance on this promise in that the consummation of the Pictures/Lorimar deal occurred allegedly without plaintiff having had an opportunity to renew his declaratory judgment action or to timely voice his objections to the transfer. By these allegations, plaintiff has pleaded fraud sufficiently to withstand the drastic measure of dismissal for failure to state a claim.

Plaintiff's failure explicitly to denominate his claim as one for fraud is not fatal to the claim's viability. As stated above, on a motion to dismiss the court must examine the complaint to determine whether the allegations provide for relief on any possible theory. Clumsiness of pleading should not defeat substantial justice, and the negligence or ineptitude of counsel ought not redound to the client's detriment in a civil case such as this one unless there are intervening equities. *See Cascone v. Ortho Pharmaceutical Corp.,* 94 F.R.D. 333, 338 (S.D.N.Y.1982), *aff'd.* 702 F.2d 389 (2d Cir.1983). It is plain from the face of the pleadings in the present case that the crux of plaintiff's complaint against Pictures and Lorimar is that they defrauded the Trust of a fair hearing in the bankruptcy proceeding and ultimately of its royalty rights in the covered films.

Because plaintiff has sufficiently stated a cause of action for fraud, the ancillary claims of fraudulent conspiracy cannot be defeated for lack of foundation in a substantive legal wrong. *See Demalco Ltd. v. Feltner,* 588 F.Supp. 1277, 1278–79 (S.D.N.Y.1984) (claim of conspiracy to commit fraud cannot exist without the existence of an adequately pleaded underlying independent tort). Though under New York law plaintiff cannot as a matter of law make out a cause of action against Pictures or Lorimar for conspiracy *per se*, or for conspiracy to breach an agreement, plaintiff can and has stated a cause of action for fraudulent conspiracy. *See North Shore*

*Bottling Co., Inc. v. C. Schmidt and Sons, Inc.,* 22 N.Y.2d 171, 292 N.Y.S.2d 86, 92–93, 239 N.E.2d 189, 193–94 (1968) (though action for conspiracy to breach could not be maintained as a matter of law, complaint adequately alleged conspiracy to cheat and to defraud); *Polyglycoat Corp. v. C.P.C. Distributors, Inc.,* 534 F.Supp. 200, 204 (S.D.N.Y.1982) (though defendants who were not parties to contract could not be liable for breach of contract, action based on conspiracy to defraud, which does not require defendants to be parties to the contract, was maintainable). *Cf. Special Event Entertainment v. Rockefeller Center,* 458 F.Supp. 72, 78–79 (S.D.N.Y.1978) (despite unavailability of claim for conspiracy to breach contract, plaintiff adequately stated claim for conspiracy to injure it in its business or property without excuse or justification.)

██ Pictures' third argument for dismissal, that plaintiff's allegations of conspiracy were unsubstantiated and conclusory, is inadequate to warrant dismissal in the present case.[3] Plaintiff's complaint adequately alleges the existence of an agreement between Lorimar and Pictures, specifically delineates what the defendants allegedly did to execute the conspiracy, and also sets forth how defendants' acts fit within the framework of the conspiracy and caused injury to plaintiff. *See Kajtazi v. Kajtazi,* 488 F.Supp. 15, 21 (E.D.N.Y.1978). Though it is circumstantial evidence, the allegations that Pictures and Lorimar shared office space and personnel at the time of the alleged fraudulent conspiracy, and the allegation that Lorimar paid well below fair market value for the film library and obtained it free of royalty obligations to the Trust, are sufficient for purposes of a motion to dismiss to support the claim that Pictures and Lorimar were in league and that they had come to an agreement to defraud the Trust of its interest in a fair bankruptcy proceeding and of its royalty interests in the covered films. The allegedly fraudulent stipulation of September 28, 1979 and the transfer of the film library

to Lorimar in the early months of 1980 free of royalty obligations and allegedly without the requisite prior notice to the trustee, furnish the necessary overt acts in furtherance of this alleged conspiracy.

Accordingly, the complaint is sufficient to withstand a motion to dismiss under both Fed.R.Civ.P. 9(b) (made applicable to bankruptcy proceedings by Bankruptcy Rule 7009) and Fed.R.Civ.P. 12 (Bankruptcy Rule 7012), since it is adequately detailed to put defendants on notice of the specific nature of the charges against them and also to assure the court that there is at least some basis in fact for the allegations. *See Beth Israel Medical Center v. Smith,* 576 F.Supp. 1061, 1071 (S.D.N.Y.1983); *Merrit v. Libby, McNeill & Libby,* 510 F.Supp. 366, 373 (S.D.N.Y.1981).

Finally, Pictures' fourth argument for dismissal, that plaintiff's conspiracy claim is fatally flawed because there can be no "conspiracy of one," must fail because it rests on false premises. To begin with, insofar as this court has determined that plaintiff's complaint states a cause of action against Pictures individually for breach of contract, something which Pictures has contested, this fourth argument is irrelevant. Furthermore, while there can be little dispute that it is impossible to have a conspiracy with only one member, *see Bereswill v. Yablon,* 6 N.Y.2d 301, 305, 189 N.Y.S.2d 661, 663–64, 160 N.E.2d 531, 532–33 (1959), the success of Pictures' argument here depends on this court's affirmance of the lower court order dismissing plaintiff's complaint against Pictures' co-defendant, Lorimar. Because, as discussed below, this court has determined that the complaint against Lorimar must be reinstated, Lorimar's continued status as an alleged co-conspirator provides the requisite numerosity for plaintiff's conspiracy claims against Pictures to stand.

In conclusion, the order of the bankruptcy court granting Picture's motion to dismiss for failure to state a claim is reversed,

---

**3.** Insofar as plaintiff's complaint alleges breach of contract, distinct from the conspiracy claim, this lack of specificity argument is irrelevant,

especially since, as discussed above, there can be little question that plaintiff had adequately stated a claim for breach.

this court having found that the complaint adequately states claims against Pictures for breach of contract, fraud, and fraudulent conspiracy.

#### d. *The motion to dismiss by Lorimar.*

The motion to dismiss by Lorimar, and Lorimar's appellate briefs in support of the dismissal below, essentially repeat the arguments for dismissal that have been proposed by Pictures and that have been rejected by this court. Lorimar argues that plaintiff's conspiracy claim against it must be dismissed because it is not founded in some separate underlying cause of action recognized as a subtantive tort under New York law. Like Pictures, Lorimar notes that New York law refuses to recognize a cause of action for civil conspiracy *per se,* or for conspiracy to breach a contract. Lorimar also argues that plaintiff could have no independent claim against it for breach, since Lorimar was never a party to the agreement at issue here, i.e., the September 1979 stipulation. Relying on the bankruptcy court's dismissal of the claims against its co-defendant Pictures, Lorimar also argues that any conspiracy claims against it must be dismissed because it is impossible as a matter of law to have a conspiracy of one. Finally, Lorimar contends that the conspiracy claim against it must be dismissed because plaintiff has failed explicitly to allege that Lorimar knew of the September 1979 stipulation during the period at issue here.

As discussed above, taken in the light most favorable to plaintiff, plaintiff's complaint adequately states a claim for fraud and for conspiracy to defraud. Defendants' readings of the complaint notwithstanding, the conspiracy claim against both Pictures and Lorimar is not a claim of conspiracy *per se,* or of conspiracy to breach. Instead, it is a claim of conspiracy to defraud, resting on a sufficiently pleaded underlying claim of common law fraud. If proved to be a member of the alleged conspiracy, Lorimar can clearly be held liable for the fraud allegedly perpetrated by Pictures. *See Bridge C.A.T. Scan Associates v. Ohio-Nuclear Inc.,* 608 F.Supp.

1187, 1191 (S.D.N.Y.1985); *Nederlandsche Handel-Maatschappij N.V. v. Schreiber,* 232 N.Y.S.2d 644, 645, 17 A.D.2d 783 (1st Dept.1962) (*per curiam* ); *Harte & Co. v. Shayani,* 227 N.Y.S.2d 538, 542, 33 Misc.2d 680 (S.Ct.1962), *aff'd.* 251 N.Y.S.2d 414, 20 A.D.2d 968. Thus, Lorimar's arguments for dismissal based on the New York law of conspiracy are inapposite. In addition, because this court has determined that plaintiff has succeeded in stating a conspiracy claim against Pictures, Lorimar's argument for dismissal based on the impossibility of a "conspiracy of one" must also fail.

██ Finally, the court rejects Lorimar's argument that plaintiff's conspiracy claim against it must be dismissed because plaintiff has failed explicitly to allege that Lorimar knew of the stipulation between plaintiff and Pictures. Taken in the light most favorable to plaintiff, the complaint states a claim that Lorimar was a knowing member of a conspiracy to defraud plaintiff of its right to object to the transfer of the covered films and to pursue its declaratory judgment action, and ultimately to defraud plaintiff of its royalty entitlements. Plaintiff's failure explicitly to allege that Lorimar knew of the stipulation does not warrant dismissal of the claim against Lorimar where the complaint adequately alleges Lorimar's participation in a fraudulent conspiracy that caused injury to plaintiff. *See Nederlandsche Handel-Maatschappij N.V. v. Schreiber, supra,* 232 N.Y.S.2d at 645 (defendant's liability for wrongful acts of his co-conspirators does not necessarily depend on his participation in the particular overt acts); *Harte & Co. v. Shayani, supra,* 227 N.Y.S.2d at 542 (acts and declarations of member of conspiracy to defraud were equally chargeable to his co-conspirator even though unknown to him, where as a member of the conspiracy this co-conspirator reaped the benefits of the fraud.)

In conclusion, the order of the bankruptcy court dismissing plaintiff's complaint against Lorimar for failure to state a claim is reversed, plaintiff's complaint having ad-

equately stated a claim against Lorimar for conspiracy to defraud.[4]

CONCLUSION

The order of the bankruptcy court dismissing plaintiff's complaint against Pictures and against the Lorimar defendants for failure to state a claim upon which relief can be granted is reversed, and this case is remanded to the bankruptcy court for proceedings consistent with this opinion.

---

**4.** It is conceivable that plaintiff might be able to state a claim against Lorimar for tortious interference with contract, with reference either to the September 1979 stipulation or to the Trust Agreement itself. *See Risolo v. Bruno,* 232 N.Y. S.2d 436, 438, 36 Misc.2d 247 (S.Ct.Nassau 1962) (action against third party for tortious interference with contract available, despite unavailability of claim against actual party to the contract for conspiracy to breach); *Special Event Entertainment v. Rockefeller Center,* 458 F.Supp. 72, 78 (S.D.N.Y.1978) (elements of tortious interference with contract are 1) the existence of a valid contract known to defendants; 2) intentional interference with contract without justification and resulting in damage to plaintiff; and 3) proof that but for defendant's conduct the contract would have been performed). However, even under the liberal reading that is due a complaint in the context of a motion to dismiss, plaintiff has not made sufficient allegations to support such a claim for tortious interference.

Without voicing any opinion as to whether such a claim against Lorimar for tortious interference could in fact be sustained, the court notes that on remand should plaintiff wish to make a motion to amend the complaint, the liberal amendment provisions of Fed.R.Civ.P. 15 are applicable in bankruptcy. Bankruptcy Rule 7015. *See In re J.J. Murtha, Inc.,* 38 B.R. 272 (Bankr.E.D.Pa.1984) (allowing amendment for tortious interference with contract); *In re Klein,* 31 B.R. 947 (Bankr.E.D.N.Y.1983) (leave to amend granted where original complaint gave sufficient notice of nature of additional allegations, and where no undue prejudice would result from amendment.)