### In re BALTIC ASSOCIATES, L.P.

### In re MEDITERRANEAN ASSOCIATES, L.P.

**Civ. A. Nos. 93–6501, 93–6451.**

United States District Court
E.D. Pennsylvania.

July 18, 1994.

David Spitofsky, Fellheimer, Eichen & Braverman, Kenneth S. Goodkind, Philadelphia, PA, for Baltic Associates, L.P., Mediterranean Associates, L.P.

Donald M. Collins, Jennifer L. Reynolds, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for Federal Nat. Mortg. Ass'n.

Robert A. Kargen, Lesser & Kaplan, P.C., Blue Bell, PA, for Meridian Bank.

M. Melvin Shralow, Frumkin, Shralow & Cerullo, P.C., Philadelphia, PA, for Krupp Mortg. Co.

Frederic Baker, Trustee, Philadelphia, PA.

### MEMORANDUM AND FINAL JUDGMENT

HUTTON, District Judge.

Presently before the Court are appellants Baltic Associates, L.P. ("Baltic") and Mediterranean Associates, L.P.'s ("Mediterranean") Appeal of the Bankruptcy Court's Order of September 24, 1993, Enjoining the Debtors from the Use of Any and All Rents, Including those Rents Already Received and all Future Rents, and Federal National Mortgage Association's ("FNMA") response.

### I. BACKGROUND

Baltic is a limited partnership and its principal asset is an apartment complex located in Newark, DE. Mediterranean is a limited partnership and its principal asset is an apartment complex located in Wilmington, DE (collectively referred to as "the properties"). On December 28, 1989, Baltic and Mediterranean ("the debtors") each executed mortgages for the properties with Krupp Mortgage Company, who in turn assigned the mortgages to the FNMA. Each mortgage contained an Assignment of Rents and a Collateral Assignment of Leases, Rents and Profits. The creditor filed properly executed Financing Statements containing Pledge of Rents clauses in the New Castle County Recorder of Deeds. On October 9, 1992, the debtors filed a Chapter 11 Bankruptcy Petition. On September 24, 1993, the Bankruptcy Court found that FNMA had a perfected security interest in rents and, thus, it issued an order enjoining the debtors from

using any and all rents they collected in connection with the operation of the properties. The debtors now appeal the Bankruptcy Court's Order.

## II. *DISCUSSION*

When considering an appeal of a Bankruptcy Court's decision, this Court reviews the Bankruptcy Court's factual findings under a clearly erroneous standard. Bankr.R. 8013. It reviews the Bankruptcy Court's legal conclusions under a *de novo* standard. *Raine v. Lorimar Productions, Inc.*, 71 B.R. 450 (S.D.N.Y.1987). The appellants challenge the Bankruptcy Court's determination as to when a security interest is perfected. This is purely a legal question. Accordingly, the Court will employ a *de novo* standard of review.

Under § 552(a) of the Bankruptcy Code, property acquired by the estate after the commencement of the bankruptcy proceeding is not subject to any lien arising from a security interest entered into prior to the commencement of the case. 11 U.S.C. § 552(a). Section 552(b) carves out an exception to this general rule. It provides:

> [I]f the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to ... rents ... acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law....

Thus, the FNMA will have a perfected security interest in the rents of both properties if each mortgage created a security interest and these interests were perfected under "nonbankruptcy law", i.e., Delaware law.

It is clear that the mortgages created a security interest in the rents, insofar as each of the mortgages contained an Assignment of Rents Clause and a Collateral Assignment of Leases, Rents and Profits Clause. Thus, the question becomes when, under Delaware law, is a security interest in rents perfected.

The resolution of this issue is complicated by the fact that neither the Delaware courts, nor the Delaware legislature have addressed this question. Nevertheless, it has been addressed by the courts of other jurisdictions. As the Bankruptcy Court recognized, there are at least two competing views on the issue. The first view, said to be the "American common law" view, holds that a security interest in rents is not perfected until the creditor asserts his rights by taking some affirmative action, such as by demanding payment. The more modern view, however, maintains that the security interest is perfected upon the filing of a properly executed security agreement. In choosing between these two views, the Bankruptcy Court determined that because Delaware law provides that a mortgage is perfected at the time it is recorded, the legislature must have also intended for "all security agreements derived therefrom, including rental income generated from tenements, to be duly perfected upon recording." Although this Court affirms the lower court's decision, it does so for different reasons.

"When interpreting state law, a federal court is bound by the decision of the highest state court." *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir.1990). "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treaties, and restatements as guidance." *Id.* at 1239.

This Court believes that the modern rule is eminently more reasonable than the American common law view and, therefore, it predicts that, in resolving this issue, the Delaware Supreme Court would choose to adopt it. First, the rule honors the parties' expectations. As in the instant case, mortgages often contain assignment of rents clauses. Parties should be able to rely on such clauses when ordering their affairs. Second, the modern rule facilitates workouts between the debtor and the creditor because it obviates the need for creditors to worry about protecting their priority rights. *See Midlantic Nat'l Bank v. Sourlis*, 141 B.R. 826 (Bankr. D.N.J.1992). And, finally, unlike the Ameri-

can common law view, the modern rule does not confuse the issues of *perfection* of a security interest and *enforcement* of a security interest. *See In re Park at Dash Point,* 121 B.R. 850, 858 (Bankr.W.D.Wash.1990).

Therefore, the Bankruptcy Court's Order of September 24, 1993 is **AFFIRMED**.