Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research (2019 NY Slip Op 05754)





Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research


2019 NY Slip Op 05754


Decided on July 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 23, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


8641 150856/17 8640 8639 8638

[*1]Errant Gene Therapeutics, LLC, Plaintiff-Respondent, 
v
Sloan-Kettering Institute for Cancer Research, et al., Defendants-Appellants.


Holland & Knight LLP, New York (Charles A. Weiss of counsel), for Sloan-Kettering Institute for Cancer Research, appellant.
Schlam Stone & Dolan, LLP, New York (Jeffrey M. Eilender of counsel), for Bluebird Bio Inc., appellant.
McCue, Sussmane, Zapfel, Cohen & Youbi, P.C., New York (Kenneth Sussmane of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about December 27, 2017, which, to the extent appealed from, granted plaintiff's motion for leave to file a second amended complaint, unanimously affirmed, without costs. Order, same court and Justice, entered June 12, 2018, which denied defendants Bluebird Bio, Inc.'s and Sloan-Kettering Institute for Cancer Research's motions to dismiss the second amended complaint as against them, unanimously modified, on the law, to grant the motions as to the civil conspiracy cause of action, the unjust enrichment cause of action and the demand for punitive damages, and otherwise affirmed, without costs.
This action arises from a failed partnership to develop a cure for rare genetic blood disorders.
The complaint states a cause of action for fraud by alleging that Sloan-Kettering knowingly misrepresented or omitted a material fact for the purpose of inducing plaintiff to rely upon it, that plaintiff justifiably relied on the misrepresentation or omission, and that plaintiff sustained injury (see Loreley Fin. [Jersey] No. 3 Ltd. v Citigroup Global Mkts. Inc., 119 AD3d 136, 139 [1st Dept 2014]). The fraud cause of action is sufficiently pleaded based on the reasonable inferences that can be drawn from the evidence including email correspondence, meeting minutes and contractual agreements (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-494 [2008]). Whether it was reasonable for plaintiff to rely on Sloan-Kettering's principals' statements about Sloan-Kettering's readiness to proceed to the clinical trial stage, and its intentions with respect to its commitment to the research, is an issue that requires fact-finding (see Braddock v Braddock, 60 AD3d 84, 89 [1st Dept 2009], appeal withdrawn 12 NY3d 780 [2009]).
We dismiss the civil conspiracy cause of action because "civil conspiracy is not recognized as an independent tort in this State" (Mamoon v Dot Net Inc., 135 AD3d 656, 658 [1st Dept 2016] [internal quotation marks and alterations omitted]). Rather, the "allegations in the complaint herein charging conspiracy are deemed part of the remaining causes of action to which they are relevant" (Hoag v Chancellor, Inc., 246 AD2d 224, 230 [1st Dept 1998]). Here, the conspiracy charge remains as part of the fraud cause of action.
While plaintiff has not pointed to any evidence demonstrating that Bluebird told, caused, [*2]or helped Sloan-Kettering to make the alleged misrepresentations and omissions, or caused Sloan-Kettering to abandon plaintiff's gene therapy treatment, at this stage of the litigation the facts are sufficient to permit a reasonable inference regarding Bluebird's involvement in the alleged fraudulent scheme (see Pludeman, 10 NY3d at 491-494). Notably "liability for fraud may be premised on knowing participation in a scheme to defraud, even if that participation does not by itself suffice to constitute the fraud" (Kuo Feng Corp. v Ma, 248 AD2d 168, 168-169 [1st Dept 1998], lv denied 92 NY2d 809 [1998]). Allegations of conspiracy "serve to enable a plaintiff to connect a defendant with the acts of his co-conspirators where without it he could not be implicated" (Hoag, 246 AD2d at 230 [internal citations omitted]; see also CPC Intl v McKesson Corp., 70 NY2d 268, 286 [1987]).
Contrary to Bluebird's argument, plaintiff sufficiently alleges overt acts by Bluebird (see e.g. Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]). Plaintiff alleges that Bluebird attended secret meetings with Sloan-Kettering around that time that Sloan-Kettering hired a new CEO who had business ties to Bluebird to discuss surreptitiously obtaining plaintiff's research for Bluebird's use and obtaining the research for Sloan-Kettering's use after plaintiff refused to sell it to Bluebird.
In any event, the liability of a defendant as a conspirator for co-conspirators' wrongful acts "does not necessarily depend upon his active participation in the particular overt acts" (Nederlandsche Handel-Maatschappij N.V. v Schreiber, 17 AD2d 783 [1st Dept 1962]). Moreover, once a conspiracy is established, all defendants are liable for each other's acts in furtherance of the conspiracy (see Keller v Levy, 265 AD 723, 724 [1943]).
The cause of action for breach of contract is adequately pleaded by allegations that Sloan-Kettering did not, and never intended to, use its best efforts to create and commercialize the gene therapy the Vector that was created in part by plaintiff. The allegation that Bluebird used plaintiff's confidential information about the Vector as part of its scheme with Sloan-Kettering to market a gene therapy before plaintiff did is sufficient to state a cause of action for unfair competition (see Front, Inc. v Khalil, 103 AD3d 481, 483 [1st Dept 2013], affd 24 NY3d 713 [2015]). The cause of action for unjust enrichment, however, fails for lack of a close relationship between plaintiff and Bluebird (see e.g. Sperry v Crompton Corp., 8 NY3d 204, 215-216 [2007]; Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182-183 [2011]).
The measure of plaintiff's damages, as alleged, is not speculative as a matter of law (see Campbell v Rogers & Wells, 218 AD2d 576, 580 [1st Dept 1995]). However, the complaint fails to establish that plaintiff is entitled to punitive damages, as it does not allege that defendants' actions were aimed at the public or showed the requisite moral turpitude (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]; see also Giblin v Murphy, 73 NY2d 769, 771-772 [1988]). The cause of action for a permanent injunction is sufficiently pleaded, as the injury to plaintiff resulting from Bluebird's alleged continued use of its research and product is not the type of injury that can be fully compensated for by money damages (see Mini Mint Inc. v Citigroup, Inc., 83 AD3d 596, 597 [1st Dept 2011]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 23, 2019
CLERK